## PARKER v. SLAUGHTER *et al.*

1. **Practice**: FAILURE TO EXCEPT. The action of the District Court in overruling a petition to vacate a decree and for a new trial, will not be disturbed, where it appears that the same matters alleged in such petition have been before ruled upon by such court, in an application to open the case after the same had been submitted in the absence of the complaining party, which was overruled by the court and no exceptions taken thereto.

2. **District Court**: EVIDENCE : VERITY OF RECORD ENTRIES. Whether evidence *aliunde* may be received for the purpose of showing that a decree of the District Court purporting to be entered in term time was in fact entered in vacation, *quere.*

3. —— ENTRY OF DECREE : PRESUMPTION. It is not unusual for decrees ordered in term to be entered in vacation, and where it does not appear that a decree so entered was not *ordered* during the term, the presumption that it was, will prevail.

### *Appeal from Jasper District Court.*

### WEDNESDAY, JULY 31.

PETITION FOR NEW TRIAL : RECORDS : HOW FAR VERITIES, ETC.—The plaintiff appeals from an order of the District Court made at the November Term, 1865, denying his petition for a new trial. The only facts necessary to be stated are the following : June 29, 1861, plaintiff commenced a proceeding in chancery to have his alleged title to certain lands confirmed. Many persons were made defendants. Cole, Pierce, Ault, Skiff and Slaughter answered. None of the answers are before the court on this appeal except those of Skiff and Slaughter. Skiff's answer was filed October, 1861, and Slaughter's in March, 1862.

It would seem that Slaughter and Skiff were the defendants who chiefly controverted plaintiff's claim. Defendants took evidence prior to the November Term,

1862. Plaintiff, it seems, took no evidence. At the No-
vember Term, 1862, the cause was reached on the first day
of the term, and on the regular call of the docket, submitted
to the court; but no attorney was then in court appear-
ing for the plaintiff. Messrs. Rice, Myers & Rice, together
with S. G. Smith, Esq., were the attorneys of record for
the plaintiff. Smith was present at the November Term,
but being in the military service was not then attending to
business generally. At the March Term, 1862, Myers
had appeared for plaintiff. Prior to the November Term,
1862, Rice had been commissioned as colonel by the
governor, but was yet at his home in Oskaloosa. On the
next day after the cause was submitted, plaintiff learned
from Myers (who resided at Oskaloosa) that none of his
firm would be present at the term.

Plaintiff thereupon employed E. J. Ingersoll, Esq.,
who, on the next day after the cause had been marked
submitted, appeared for plaintiff, and asked to have
the cause opened, and filed a motion and affidavit for
continuance. This application was based upon the al-
leged fact that Mr. Rice was his main attorney, and his
absence unexpected, etc.

This the court overruled, and it does not appear that
the plaintiff excepted to the ruling. Mr. Ingersoll then
asked and obtained leave to file an argument for the
plaintiff, which he did.

The records show that the court rendered a decree as
of November Term, 1862, and the same decree is again
entered as of November Term, 1863. The draft of the
decree then entered is signed by the judge of the court,
and is marked: "Filed by the clerk, August 13, 1863."

This decree dismissed the plaintiff's bill, and adjudged
that the defendants Slaughter & Skiff were the owners
of the land in controversy, saving to the plaintiff his
rights under a certain mortgage. The decree recites

Parker v. Slaughter.

that the cause was heard upon the pleadings, exhibits, and certain depositions, naming the deponents.

On the 22d September, 1864, the plaintiff filed his present petition to vacate the decree, and for a new trial.

The causes relied on for this relief are:

1. The absence of his attorney at the November Term, 1862, when the cause was submitted.

2. Because there was no decree in term time, but only in vacation.

3. Because plaintiff has a valid cause of action, that is, a valid title to the lands in question.

The court denied the petition for a new trial, plaintiff excepted, and from this decision the present appeal is taken.

*E. J. Ingersoll* for the appellant (plaintiff).

*Seevers & Williams* for the appellees.

DILLON, J.—I. We have not before us all of the data upon which the District Court acted in making the deci- sion from which the present appeal was pros- ecuted. The original papers in the main cause, including the answers of Cole, Pierce and Ault, and the depositions, were, as the bill of exceptions states, "offered and admitted in evidence on the hearing of the present petition." They are not before us. We cannot know what these answers and depositions disclosed; and, in their absence, we cannot reverse the decision of the District Court. It will be presumed to be correct. Besides, if it be assumed that the answers and depositions contained no facts relating to the right of the plaintiff to have the decree vacated, we are inclined to think that, under the circumstances, he was not entitled to that relief. He made a similar application at the term when the cause was submitted, and the present petition discloses no new facts. The court then refused to open the cause, and the

*(margin note: 1. PRACTICE: failure to except.)*

Parker v. Slaughter.

plaintiff made no objection of record thereto, but submitted an argument in the cause.

Being defeated, he waits until September, 1864, when he commenced the present proceeding, and proves no fact of which he had not full knowledge at the term when the cause was submitted.

II. The records of the court show that the decree in the original cause was entered in term time, once as of the November Term, 1862, and again as of the November Term, 1863. A draft of the decree as thus entered is indorsed by the clerk as having been filed August 13, 1863.

2. DISTRICT COURT: evidence: verity of record entries.

On the hearing of the present petition, the bill of exceptions recites that the plaintiff introduced the record of said decree; and "then offered to prove by a witness on the stand that the said decree was in fact filed and entered in vacation and not in term time; that the entry as of November Term, 1862, was made at some time between the 31st day of August, 1863, and prior to the commencement of the November Term, 1863, and that the entry as of the November Term, 1863, was made in fact in vacation; that both entries in the record were made in vacation; that the records were signed prior to the entries being made; that said decree was made and signed in vacation when court was not in session and was never read, signed, or announced by the judge in open court or in term time, and that the journal shows a state of proceedings which are not true in point of fact and are false." The court refused to receive this evidence and the plaintiff excepted. It is argued by the appellees' attorneys that this ruling was correct because the record is a verity, and cannot be impeached or overthrown. It shows that the decree was entered in term time, and evidence to the contrary, it is argued, is not admissible.

Parker v. Slaughter.

Where the decree is directly attacked by a proceeding for that purpose, we should hesitate before committing ourselves to the proposition as broadly as contended for by the appellees' counsel.

But as we understand the bill of exceptions, the offer to prove, did not go to the extent of an offer to prove that 3. —— entry the court in fact never made any decree in of decree: presumption. term, or if made in vacation that it was never approved at a subsequent term. But the offer to prove related to the original draft of the decree marked filed August 13, 1863. Now this draft may have each time been entered by the clerk in vacation and when the court was not in session, as the plaintiff offered to prove.

And this draft of a decree may never have been read, signed or announced in court, and yet the court may have ordered, at the spring term, 1863, or at some other term, a decree for defendant.

It is not unusual for decrees ordered in term to be entered in vacation.

The proposed proof does not sufficiently negative the fact that at some term a decree was ordered by the court. If it be admitted that records may be impeached in the manner contended for by the plaintiff, the evidence must be clear, precise and satisfactory, fully overcoming, to say the least, the strong presumptions in favor of their correctness and truth.

The proposed evidence, to avail the plaintiff any thing in this proceeding, should have gone further, and he should have also offered to show that the court, or judge in term time, never ordered a decree for the defendants.

Affirmed.