BARKDULL v. CALLANAN *et al.*

33  391
143  185

1. Venue: CHANGE OF. Pending an application to intervene and be substituted as a party, the applicant is not entitled to a change of venue.

2. Practice: REFILING OF PLEADINGS. It is not competent for a party to re-file pleadings that have been held insufficient, for the purpose of again bringing before the court questions therein presented.

*Appeal from Guthrie District Court.*

SATURDAY, FEBRUARY 24.

ON the 14th day of September, 1868, the plaintiff filed in the district court of Guthrie county her petition, alleging that she is the owner of certain lands in the petition described; that they were sold by the treasurer of Guthrie county to Dexter Reynolds for delinquent taxes of 1858, '59, '60 and '61, and that, on the 28th day of June, 1866, a treasurer's deed was executed to Reynolds therefor; that Reynolds conveyed said lands by quit-claim to said Callanan; that said lands were not taxable for said years, and were not listed for taxation.

The answer alleges that said lands were sold for taxes to Reynolds, and by him conveyed to Callanan; that the sale was in all respects regular, and that Callanan has now the fee simple title.

The defendant Callanan filed a cross-petition, praying that his title to said lands be quieted.

On the 14th day of December, 1869, in vacation, without leave of court, Emeline M. Dodge filed a petition in intervention as follows:

" That since the filing of the original petition she has become the owner in fee simple of the land therein described; that the plaintiff in the original bill is claiming said land as against the defendant Callanan, who claims to hold the same by virtue of certain tax sales and deeds,

which petitioner avers are and were irregular, invalid and of no force. Plaintiff tenders to said Callanan the taxes due and unpaid since 1857, and paid by said Callanan, with six per cent interest, and prays to be permitted to intervene, and that this petition may be regarded as a petition of intervention, and as an original bill, that Callanan may be ordered to answer the same, and that her title to said lands may be quieted."

February 14, 1870, being the first day of the term of court, after the filing of said petition in intervention, defendants moved the court to strike the same from the files as follows:

"1. It does not appear from said petition that the said Dodge sustains such relation to the parties to the action, or to the subject-matter thereof, as entitles her to intervene, but the contrary appears therefrom."

"2. Said Dodge has never been made a party to the action by the order or allowance of the court, either by way of substitution as plaintiff or otherwise."

On the same day said Dodge moved the court that she be substituted as plaintiff, and that she be admitted to defend against the cross-petition of defendants, setting forth as cause therefor the conveyance to her of said premises.

On the same day she filed also a petition and affidavit for a change of forum to the circuit court of the United States for the district of Iowa. Upon the day following the prayer of the petition of E. M. Dodge, to be permitted to intervene, was overruled, the motion of defendant to strike said petition from the files was sustained; it was ordered that a rule be served upon plaintiff to show cause why said Emeline Dodge should not be substituted as plaintiff, and the application for a change of forum was continued until the rule could be served and determined.

On the 13th day of February, 1871, by agreement the cause was transferred to the district court of Polk county.

April 14, 1870, Olive Barkdull filed her answer to the rule to show cause why Emeline Dodge should not be substituted as plaintiff, denying that the said Dodge has any interest in said land.

March 30, 1871, Olive Barkdull filed her further answer to said rule, alleging that there is a suit in chancery pending in the district court of Guthrie county, wherein she is plaintiff, and the said E. M. Dodge and others are defendants, of which the object is the cancellation of the pretended deeds from Olive Barkdull, under which E. M. Dodge claims said property.

After the petition for intervention had been stricken from the files, but at what time the record does not clearly disclose, E. M. Dodge filed in said cause a paper, praying the court that her petition to be permitted to intervene and to be substituted as plaintiff may be ordered to be filed, and to be marked filed by the clerk.

On the 30th of March, 1871, the cause came on to be heard upon the application of E. M. Dodge for a change of forum, and the same was denied upon the ground that it was prematurely made before said E. M. Dodge had become a party to the suit. To this ruling the said E. M. Dodge excepted.

Thereafter, the cause came on to be heard upon the application of E. M. Dodge for leave to file her petition in intervention, and to be made a party to the cause pursuant to sections 2759 and 2766 of the Revision. Both applications were overruled, to which the said Dodge excepted.

E. M. Dodge appeals, and assigns the following errors:

" 1. The court erred in overruling appellant's motion for a change of forum."

" 2. The court erred in overruling appellant's motion for leave to intervene."

" 3. The court erred in overruling appellant's motion to be made a party under sections 2759 and 2766 of the Revision of 1860."

*Withrow & Wright* for the appellant.

*Barcroft, Gatch & Hammond* for the appellee.

DAY, J. — I. There was no error in overruling the application of E. M. Dodge for a change of forum. At the time this application was passed upon by the court, E. M. Dodge had no standing in the case. Her petition of intervention had been stricken from the files. Her application for leave to refile it, and also to be substituted as plaintiff in the action had not been passed upon. So far as legal rights are concerned she was at that time a mere stranger to the controversy. It cannot be that a stranger can come into a case, and by a mere application for leave to intervene, or to be substituted as a party to the cause, before the merits of the application are determined, before it is ascertained that he is entitled to become a party, or has any interest in the controversy, secure a change of forum, or a change of venue. Such a course would be productive of incalculable hindrance and cost to litigants. The objections to it are too numerous to admit of mention, and too apparent to require it.

*1. VENUE: change of.*

II. The application for intervention was determined by the court upon the merits on the 15th day of February, 1870. The petition for intervention was filed in vacation, as is authorized by section 2932 of the Revision. The record shows that the case came on to be heard on the petition of E. M. Dodge to intervene. And that it was ordered by the court that the prayer of the petition be overruled. In addition to this the motion to strike the petition from the files was sustained. We cannot determine the correctness of this ruling, for no exception was taken to it. *Appanoose County* v. *Walker et al.*, 23 Iowa, 26; *Phipps* v. *Penn*, id. 30; *Soup* v. *Smith*, 26 id. 472. The question passed

*2. PRACTICE: refiling of pleadings.*

upon March 31, 1871, was simply a motion to be permitted to file the same petition, the prayer of which had been previously denied, and which had been on motion stricken from the files. It is not competent for a party thus to bring again before a court a matter already determined.

See *Parker* v. *Slaughter*, 23 Iowa, 125. We do not hold that the court might not, in the exercise of a sound discretion, have permitted this petition to be refiled. But we will not reverse for refusal to grant permission to refile a paper, which has upon motion been stricken from the files without objection, when no fact appears to change the rights or relations of the parties.

III. The motion passed upon in the remaining ruling of the court was not a general one, that E. M. Dodge be allowed to become a party to the controversy, but *that she be substituted as plaintiff*. The record recites: " On the same day said Dodge moved the court that she be substituted as plaintiff, setting forth as cause therefor the conveyance to her of said premises." The plaintiff being served with a rule to show cause why such substitution should not take place, resisted the application, and denied that said Dodge had any interest in the premises.

Under such circumstances it seems clear that the court did not err in refusing to permit appellant to supplant the plaintiff in the prosecution of the cause.

Affirmed.