## Case No. 9,439.

### MERCHANTS' & MANUFACTURERS' NAT. BANK v. WHEELER.

[13 Blatchf. 218;[1] 3 Cent. Law J. 13; 22 Int. Rev. Rec. 42.]

Circuit Court, S. D. New York. Dec. 21, 1875.

REMOVAL OF CAUSES—AT WHAT TERM—PLEADINGS NECESSARY.

1. Under section 3 of the act of March 3d, 1875 (18 Stat. 471), which requires the application to the state court for the removal of a cause into the circuit court of the United States, to be made "before or at the term at which said cause could be first tried," the term referred to is a term occurring after the passage of the act, and not a term before such passage.

[Approved in Crane v. Reeder, Case No. 3,356; Meyer v. Delaware R. Const. Co., 100 U. S. 473; Woolridge v. McKenna, 8 Fed. 666; Re Iowa & M. Const. Co., 10 Fed. 405.]

2. Where an action at law removed under said act is at issue when removed, no other or different pleadings are necessary than those in the state court.

[This was an action by the Merchants' & Manufacturers' National Bank against George M. Wheeler. Heard on motion to remand cause to the state court.]

Stillman K. Wightman, for plaintiffs.

Thomas M. Wheeler, for defendant.

JOHNSON, Circuit Judge. The defendant's first application to remove the cause seems to have been abandoned on account of defects supposed to exist in the papers presented to the state court. The subsequent application, which is to be regarded as made on the 27th of April, 1875, avoided the defects of the papers used on the prior application. The rule being now settled, that the application, if sufficient by law is effectual to remove the cause, however it may be disposed of by the state court, the question now is whether the defendant was in time under the act of March 3d, 1875 (18 Stat. 470). The act was passed after the commencement of the March circuit, and the application was made during the succeeding circuit term, and before the actual trial of the cause. If, therefore, the statute means, by the phrase "before or at the term at which said cause could be first tried," a term occurring after the passage of the act, then, beyond question, the application was in time. That such is the meaning of the statute many considerations concur to prove. The act defines anew the jurisdiction of the circuit courts, making it substantially as extensive as the constitution permits, excepting cases where the supreme court has original jurisdiction. It then proceeds to declare, in substance, that every civil suit of which original jurisdiction might be taken by the circuit court, shall, if brought in a state court, be removable into the circuit court, whether then pending or thereafter brought. This is the grant of authority, and it defines the subjects on which it is to operate, as all suits, pending or to be brought. All are to be removable. What follows is merely detail as to the manner in which the power is to be exercised. It should receive a construction in harmony with the grant of power. By section 3, the party seeking a removal, is to apply "before or at the term at which said cause could be first tried." If this is taken to mean a term which occurred before the passage of the law, it to that extent renders nugatory the provision making all suits removable, and excludes from the privilege that large number of cases in which a term at which the cause could be tried had previously passed by. There is no reason for such a distinction, and the clause should be construed to relate to a term occurring after the act in question became a law. The question has been examined and decided in the same way by Judge Swing, of the Southern district of Ohio, in Andrews v. Garrett [Case No. 375].

I consider this cause as removed to this court according to law, and the motion to remand it should be denied.

A motion is also made to set aside, as irregular, a rule entered in the common rule book, on the defendant's motion, requiring the plaintiffs to file and serve a copy of the declaration, or be non-prossed. The cause was at issue in the state court, and a copy of the record there had been entered in the circuit court, as the statute requires, and then the statute goes on to prescribe, that, "the said copy being entered, as aforesaid, in said circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court." As the mode of pleading in this state is the same in the United States courts as in the state courts, in actions other than in equity or admiralty, by force of section 914 of the Revised Statutes, no other or different pleadings were necessary than those in the state court, and the rule entered was, therefore, irregular. Lewis v. Gould [Case No. 8,324].

These rules must, on the plaintiffs' motion, be set aside.