*In re* IOWA & MINNESOTA CONSTRUCTION CO.

BOONE and another *v.* IOWA & MINNESOTA CONSTRUCTION Co. and others.

*(Circuit Court, D. Iowa, N. D.* January, 1882.)

1. REMOVAL OF CAUSE—WHO MAY—INTERVENORS.

Where the intervening petition charges fraud, and is not in the nature of a bill, charging errors or irregularities merely, or where it charges want of jurisdiction and want of notice to complainants, and where no attack is made on any final judgment, but only on interlocutory orders, still within the control of the state court, intervenors may remove the cause.

2. SAME—LOCAL PREJUDICE.

Where there has been no final trial or hearing, intervenors may remove the cause on the ground of local prejudice, on compliance with the provisions of the act of congress.

3. SAME—HOW EFFECTED.

The filing of the petition in the state court *ipso facto* removes the cause.

4. SAME—RIGHT OF REMOVAL—RECEIVER.

The petition of intervention is in the nature of a suit for relief as against defendants therein named, and the right of removal is not affected by the fact that a receiver had been appointed by the state court to wind up the affairs of the corporation.

5. SAME—RIGHT OF INTERVENORS.

The right of intervenors to a preliminary injunction to restrain further proceedings until there can be a hearing on the merits, follows as a matter of course.

Motion to Remand.

McCRARY, C. J.    That the intervening petition, filed in this case in the state court by George Boone and Francis E. Hinckley, presents a controversy between citizens of Illinois on one side and citizens of Iowa on the other side, is conceded.    But it is insisted that the case was, nevertheless, not removable, because the petition of intervention is a supplementary proceeding, so connected with the original proceeding as to form an incident to it, and substantially a continuation of it.    To determine whether or not this is so we must look to the record.    The proceedings in the state court were instituted in 1875 by a petition presented by L. Schoonover, trustee, alleging that he was a judgment creditor of the said Iowa & Minnesota Construction Company, and stating the names of the stockholders in that corporation, with the sum subscribed by each.    He alleged the insolvency of the corporation, and prayed the appointment of a receiver.    This

application was set down for hearing at the March term, 1875, and notice to the stockholders was ordered to be served by publication in a newspaper, and by sending the same through the mail. At the said March term, notice having been so given, the said L. Schoonover was appointed receiver, and authorized to dispose of the assets, collect the assessments from stockholders, and to pay the debts. There was no appearance for the stockholders. The court from time to time thereafter ordered assessments upon the stock to be made and collected, and the receiver from time to time reported as to his doings, and the proceedings were still pending and undisposed of in the state court, when, on the seventh day of November, 1881, the said Boone and Hinckley appeared for the first time, and filed therein their petition of intervention, by which they allege in substance that they are, and have ever since the commencement of said proceedings been, residents and citizens of Illinois, and that they have had no notice of said proceedings. They aver that a certain large claim against the corporation, held by one Stacy, for whom the said Schoonover, the receiver, is assignee, is fraudulent; and that the said Schoonover has not defended against it; and that Stacy is in fact largely indebted to the incorporation. Fraud, collusion, and conspiracy are charged; and the prayer is that there may be accounting as between Stacy and the corporation, and that the receiver may be enjoined from proceeding, by suits at law or otherwise, to collect from the intervenors their unpaid stock, and applying the same to the payment of the alleged fraudulent claim of Stacy; also that the order appointing said Schoonover as receiver be set aside. The rule by which we are to be guided in determining whether this is a removable controversy has been settled by repeated adjudications of the supreme court, and is as follows:

"This court cannot entertain jurisdiction to set aside the judgment of a state court for mere irregularity, or in a case where the proceeding is merely tantamount to the common-law practice of moving to set aside a judgment for irregularity, or to a writ of error, a bill of review, or an appeal; but it has jurisdiction of a bill to set aside a judgment for fraud, or upon the ground that it was rendered by a court having no jurisdiction." *Gaines* v. *Fuentes*, 92 U. S. 10; *Barron* v. *Hunton*, 99 U. S. 80.

That the removal of the case is not prohibited by the doctrine announced in these cases is clear for several reasons:

(1) The intervening petition charges fraud, and is, therefore, not in the nature of the bill charging error or irregularities merely. (2) It charges want of jurisdiction, and that the proceedings complained of have been had with-

out notice to complainants. For the purposes of the present motion I suppose this must be taken as true. (3) The intervenors do not attack any final judgment of the state court, but only the interlocutory orders made from time to time, and which, at the time of the intervention, were still within the control of the state court.

Another consideration, however, is still more conclusive of the question. The petition for removal is not based entirely upon the citizenship of the parties. It charges local prejudice, and prays removal upon that ground also. Now, if we consider the proceeding in the state court from the beginning as one suit, and also assume that the intervenors had notice, and were proper parties, still it is clear that there has never been a final trial or hearing, and that, therefore, the petition for removal, upon the ground of local prejudice, is in time, and perfectly good. It may be that, if these assumptions are found upon investigation to be correct, we may be constrained to hold the intervenors bound by some of the orders of which they complain, unless they can successfully attack them for fraud; but, however this may be, the right of removal is clear. We are not called upon, in passing upon that question, to inquire what the ultimate judgment may be upon the issues presented. It is enough that the parties are citizens of different states; that the amount involved exceeds $500, exclusive of costs; that the proper affidavit of prejudice is filed; and that the cause had not been finally tried or determined when the petition for removal was filed. All these conditions we find fulfilled.

It remains to consider the question whether the intervenors were parties to the suit in the state court at the time they filed their petition and bond for removal. I suppose the theory of the receiver of such creditors as sustain his action is that the intervenors have been parties from the beginning by virtue of the publication of notice or sending thereof through the mails, or both. If this be so, that is the end of controversy on this point; but the intervenors deny this, and assert that they never were parties until they made themselves such by filing their petition of intervention; and upon this theory the counsel for the receiver insist that they had no right to intervene without leave of court, which was not obtained, and that they were, therefore, not parties. The right to intervene, under the Code of Iowa, is given absolutely and without condition to "any person who has an interest in the litigation," whether he be interested in the success of one or the other party to the action, or against both. Code of 1873, § 2683.

The manner of the intervention is provided by the same Code, § 2685, as follows:

"The intervention shall be by petition, which must set forth the facts on which the intervenor rests, *and all the pleadings therein shall be governed by the same principles provided for in this chapter*. But if such petition is filed during the term, the court shall direct the time in which an answer shall be filed thereto."

No action by the court seems to be necessary to an intervention. The party who intervenes appears to have the same right to file his petition of intervention that the original plaintiff had to commence his suit. There is no provision for obtaining leave of court, and as he may file his petition at any time, "either before or after issue has been joined in the cause," it is clear that he may file it during a vacation, and therefore necessarily without leave of court. If filed during term the court shall direct the time in which the answer shall be filed. This is upon the supposition that the adverse parties are present, and are advised of the filing. If filed in vacation there is no provision as to the time of answering, except that it shall be governed by the rules prescribed for pleading in other cases. I think the intervenors correctly construed this provision as authorizing the service of notice to the adverse parties requiring an answer at the next term as in cases of original suits. This ruling is not in conflict with anything to be found in the case of *Barkdull* v. *Callanan*, 33 Iowa, 391. In that case a petition of intervention was filed in vacation, and the court distinctly say that such filing was "authorized by section 2932 of the Revision," which is the same as section 2685 of the Code of 1873, above quoted. The petition for intervention was afterwards, upon notice, stricken out, and leave to refile was refused. The court say: "We cannot determine the correctness of this ruling, for no exception was taken to it." There was a motion for change of venue, which was overruled; and the court say, properly, "because her petition of intervention had been stricken from the files," and she was, therefore, not a party. The case does not hold that leave of court is necessary to the filing of a petition of intervention, but, on the contrary, holds that such a petition may be filed in vacation, and therefore impliedly holds that it may be done without such leave.

A question is made as to whether it was necessary for intervenors to present their petition for removal to the state court. If this were a new question I should have grave doubts upon it; but it seems to be settled that the filing of a proper petition in the state court *ipso*

*facto* removes the cause. *Osgood* v. *R. Co.* 2 Cent. L. J. 273; *Merchants', etc., Bank* v. *Wheeler,* 13 Blatchf. 218; *Connor* v. *Scott,* 4 Dill. 242; Article on Removal of Causes, 2 Cent. L. J. 730, and cases cited.

It has been suggested that this proceeding was not a suit in the state court within the meaning of the acts of congress, and therefore not removable. I am, however, of the opinion that the petition of intervention is in its nature a suit wherein the intervenors seek relief as against the defendants therein named, and the right of removal in such a case is not affected by the fact that the state court had appointed a receiver who was proceeding to wind up the affairs of the corporation. *Osgood* v. *R. Co.* 2 Cent. L. J. 273. If we assume that the subject matter of the controversy was in the possession of the state court, the right of removal still remains, as was distinctly held by the supreme court in *Kern* v. *Huidekoper,* 103 U. S. 485, (see pp. 490, 491.)

The motion to remand must be overruled.

The question of the right of the intervenors to an injunction to restrain further proceedings until there can be a hearing upon its merits, was not discussed by counsel at the hearing, but I suppose the granting of that application follows as a matter of course. There would be no propriety in our entertaining jurisdiction of the case made by the intervening petition, and refusing to restrain the receiver from disposing of the estate and paying the debts now alleged to be fraudulent. A temporary injunction may therefore issue to restrain the defendant named in the petition of intervention, as therein prayed, until further order of the court, upon the intervenors giving bond with the usual condition, in the sum of $2,000, with sureties to be approved by the clerk.