AMERICAN NAT. BANK OF DENVER v. NATIONAL BENEFIT & CASUALTY CO. et al. (WISWALL, Intervener).

(Circuit Court, D. Colorado. November 13, 1895.)

No. 3,324.

1. CORPORATIONS—DISSOLUTION—TITLE OF RECEIVER—WISCONSIN STATUTE.
   The legal effect of the appointment of a receiver of a corporation, in proceedings by the attorney general for its dissolution, under the statute of Wisconsin (Sanb. & B. Ann. St. Wis. §§ 1968, 2787, 3241–3247), is to invest such receiver with full title to all the property and effects of the corporation, wherever they may be found, whether within or without the jurisdiction of the court appointing the receiver.

2. REMOVAL OF CAUSES—PARTIES—INTERVENER.
   After the entry of a decree for the dissolution of a Wisconsin corporation, under the statute of that state, and for the appointment of a receiver, a corporation of Colorado commenced a suit in a state court against the Wisconsin corporation and one K., trustee, seeking to have certain funds in the hands of K., as trustee, applied to the payment of a judgment against the Wisconsin corporation. The receiver filed an intervening petition, asking to be made a defendant, and setting up his appointment and his title to the property. He was admitted as a party, and several orders were made on his application, but these orders were afterwards vacated, and an application for removal to the federal court, made by the receiver, was denied by the state court. *Held*, that the receiver obtained a standing as a party defendant by the filing of his petition of which he could not be deprived; that he and the plaintiff were the only real parties, the Wisconsin corporation being incapable, since its dissolution, of being a party, and K. having no interest in the controversy; and that the receiver was entitled to remove the case to the federal court.

This was a suit by the American National Bank of Denver, Colo., against the National Benefit & Casualty Company and Fred. C. Kilham, trustee. The suit was commenced in a court of the state of Colorado. George N. Wiswall, receiver of the National Benefit & Casualty Company, filed an intervening petition and a petition for removal, and applies to docket the case in the federal court.

O'Donnell, Decker & Smith, for plaintiff.
A. Newton Patton, for defendant National Benefit & Casualty Co.
Wells, Taylor & Taylor, for defendant Kilham, trustee.
Riddell, Starkweather & Dixon, for Wiswall, intervener.
Charles Hartzell, for Frank J. Doyle.

HALLETT, District Judge. The National Benefit & Casualty Company, respondent in this suit, prior to June 27th last, was a corporation of the state of Wisconsin. On that day a court of the state of Wisconsin, in a proceeding instituted by the attorney general of that state, decreed its dissolution, and appointed George N. Wiswall receiver of its property and effects. This action of the Wisconsin court was in pursuance to a statute of that state which conferred upon the court full power and authority in that behalf. Sanb. & B. Ann. St. Wis. §§ 1968, 2787, 3241–3247. For causes specified in the statute the court is empowered to "decree a dissolution of such corporation and a distribution of its effects." "And thereupon the affairs of such corporation shall be wound up by and under the direction of a receiver, to be appointed by the court, and its property sold and converted into money." Under this statute the effect of a judgment of dissolution and the appointment of a receiver, with reference to the property of the corporation, is not expressly declared in the statute, but it is plain that all such property is thereby transferred to the receiver, wherever it may be situated. As the corporation is ended, and the receiver is required to wind up its affairs and apply its property and effects to the payment of its liabilities, the legal effect is to invest him with full title to all such property and effects, wherever they may be found. In this view, Wiswall has the character of a statutory assignee of the insurance company, with power to take possession of and hold and dispose of the property of the company, wherever it may be, rather than that of an ordinary receiver, whose authority may be limited to the jurisdiction where he may be appointed. And so we are able to say that as to the property and effects of the insurance company in Colorado after the dissolution of that company, and the appointment of Wiswall as receiver in Wisconsin, he had the same title and power of control as in the state of Wisconsin. Relfe v. Rundle, 103 U. S. 222; Bockover v. Association, 77 Va. 85.

Complainant seeks to enforce a judgment recovered against the insurance company in the month of June last in a court of this state, and to have certain funds in the hands of Kilham as trustee for the insurance company applied to the payment of its judgment. The bill was filed in the district court July 19, 1895, which it will be observed was after the dissolution of the insurance company in the

state of Wisconsin. Wiswall appeared in the case by petition September 16, 1895, and asked to be made a party defendant. He set up in his petition the proceedings in Wisconsin relating to the dissolution of the insurance company and his appointment as receiver, and also his title to the property in controversy in this suit. At first he was admitted as defendant in the suit, and several orders were made relating to the progress of the cause upon his application. On the 19th September, 1895, Wiswall presented to the district court a petition for removing the cause to the circuit court of the United States, in which the principal facts relating to the dissolution of the insurance company and his appointment as receiver, and his claim to the property in controversy, were again set out, but not so fully as in the intervening petition. On the following day, September 20th, all orders before that time made at the instance of Wiswall were vacated and set aside, and on the 14th day of October following the petition for removal was denied. This application to' docket the cause in this court as one which may be removed under the act of congress of 1887 has been presented very fully in argument, and is now to be decided.

The principal objection made by complainant to the petition for removal is that Wiswall is not a party to the cause. It is said that if he be a party he is a plaintiff, and not a defendant. But this is clearly a mistake. Wiswall asked to be made a defendant in the suit, and in all his pleading he contests the right of complainant to the corporate property. As to his status as a defendant, it is true that the order admitting him to that position was afterwards set aside, but no order of that kind was necessary. By filing his petition he secured a standing in the case from which he could not be lawfully removed without his consent. Wood v. Waterworks Co., 20 Colo. 253, 38 Pac. 239; In re Iowa & Minnesota Const. Co. (Boone v. Construction Co.) 10 Fed. 401; Burdick v. Peterson, 6 Fed. 840.

It is also urged that the petition for removal was not filed in apt time, and this seems to rest on the failure of the insurance company to make the application, which must be imputed to Wiswall, as he represents the company. On that point it will be observed that the insurance company, having been dissolved before the bill was filed, was never a party to the suit. It was incapable of becoming a party, and the suit was unilateral until the appearance of Wiswall. Kilham was stakeholder for the insurance company until its dissolution, and after that event for Wiswall, as successor to the company. Kilham has no controversy with any one, except to find the proper and competent party who may be able to relieve him from his charge, and therefore he is not a factor in the case on the question of removal. The substantial parties are the national bank, as complainant, which seeks to appropriate the funds of the insurance company to the payment of its judgment, and Wiswall, as successor to the insurance company, who will contest complainant's right to the fund in behalf of the general creditors of the company. We have therefore a complainant which is, under the law relating to removals, a citizen and resident of the state of Colorado, and a defendant, seeking to remove the cause, who is a citizen and resident of the state of

Wisconsin. Upon all the circumstances appearing in the record, the right of the defendant to remove the cause into this court seems to be complete, and therefore the transcript may be filed and the cause may be docketed as one of which the court has jurisdiction.