Marianne GRZETICH, Plaintiff,

v.

VLI CORPORATION, et al.,
Defendants.

No. 87 C 3677.

United States District Court,
N.D. Illinois, E.D.

April 29, 1987.

Garretson & Santora, Chicago, Ill., for plaintiff.

Glenn Johnson, Shuttlesworth & Ingersoll, Cedar Rapids, Iowa, for VLI.

George Gessler, Gessler, Wexler, Flynn, Laswell & Fleischmann, Chicago, Ill., for Playtex.

MEMORANDUM OPINION
AND ORDER

SHADUR, District Judge.

VLI Corporation ("VLI") has just filed a Petition for Removal from the Circuit Court of Cook County of this toxic-shock-syndrome tort action brought by Marianne Grzetich against VLI and International Playtex, Inc. (now known as Playtex Family Products, Inc. ["Playtex"]). VLI's Petition was accompanied by the "Consent and Joinder" of Playtex to removal. Because VLI's Petition and Playtex's Consent and Joinder do not establish the jurisdictional prerequisite for removal, this action is remanded to the state court from which it came.[1]

Under 28 U.S.C. § 1446(b)[2] the removal petition may be filed only within a limited period:

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

Because the statute speaks of "defendant" in singular terms, courts have had to construe its terms in the multiple-defendant situation where (as almost invariably occurs) defendants are served on different dates. Only one Court of Appeals has dealt with the question,[3] and it has followed the unanimous holdings (so far as this Court has been able to ascertain) of numerous District Courts (*Brown v. Demco, Inc.*, 792 F.2d 478, 481–82 (5th Cir.1986) (footnotes omitted), quoting 1A *Moore's*

---

**1.** As with every subject matter jurisdiction question, this issue is one on which a federal court is obligated to examine the matter sua sponte—and promptly. See *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986). Where a jurisdictional flaw in removal proceedings may be curable, this Court's regular practice (see, e.g., *Seifert v. Freightliner Corp.*, No. 86 C 9889, slip op. (N.D. Ill. Aug. 26, 1986) [Available on WESTLAW, DCT database] ) is to notify the removing party of the problem before acting to remand, thus permitting possible correction of the problem

by the litigant (see 28 U.S.C. § 1653). But where as here the defect is noncurable, no purpose would be served by any such procedure.

**2.** All further citations to Title 28 will simply take the form "Section—."

**3.** Because District Court orders granting remand are nonappealable, the only occasion for Court of Appeals treatment would be the rare appeal from the lower court's refusal to remand.

*Federal Practice* ¶ 0.168 [3.–5–5], at 586 (2d ed. 1986)):

> No appellate court has yet decided whether defendants who have waived the right to seek removal directly are also precluded from joining in a removal petition. The general rule, however, is that "[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove ... due to the rule of unanimity among defendants which is required for removal." District courts in this circuit have followed this rule.

> The rule follows logically from the unanimity requirement, the thirty-day time limit, and the fact that a defendant may waive removal by proceeding in state court. Moreover, by restricting removal to instances in which the statute clearly permits it, the rule is consistent with the trend to limit removal jurisdiction and with the axiom that the removal statutes are to be strictly construed against removal.

Accord (limited to cases during the last three or four years), *Godman v. Sears, Roebuck and Co.*, 588 F.Supp. 121, 123 (E.D.Mich.1984); *Hill v. Phillips, Barratt, Kaiser Engineering Ltd.*, 586 F.Supp. 944, 945–46 (D.Me.1984); *Brooks v. Rosiere*, 585 F.Supp. 351, 352 (E.D.La.1984); *Ortiz v. General Motors Acceptance Corp.*, 583 F.Supp. 526, 529–30 (N.D.Ill.1984); *Schmidt v. National Organization for Women*, 562 F.Supp. 210, 212 (N.D.Fla. 1983).

VLI's Petition reflects *it* was served less than thirty days before it sought to remove. As to the date of service on *Playtex*, however, the Petition is silent, while Playtex's Consent and Joinder says only:

> The defendant Playtex was previously served with the summons and complaint in the state court case.

Under those circumstances it would be enough for this Court to rely on the rule identified in the preceding paragraph, coupled with the doctrines that (1) any defendant seeking removal must comply strictly with all statutory requirements (cf. *Sham-rock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)), (2) the petition in a multiple-defendant case must show that each defendant is eligible for removal (*P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.*, 395 F.2d 546, 547–48 (7th Cir.1968)), (3) the burden of showing that removal was proper is always on the removing party (*Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921)) and (4) any doubt as to the satisfaction of the statutory removal requirements should lead to remand (*Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976)).

Those things together teach that the *silence* of the current documents would compel remand. But because of the possibility of curing an inadvertently defective jurisdictional allegation (see Section 1653 and n. 1 to this opinion), this Court caused its law clerk to inquire of Playtex's counsel as to the date Playtex was served in fact. Counsel advised that such service had occurred March 3, 1987—well over thirty days before the current effort at removal.

Thus the jurisdictional flaw identified in this opinion is fatal. In statutory terms, this action was "removed improvidently and without jurisdiction" (Section 1447(c)). It is therefore remanded to the Circuit Court of Cook County. Because the nature of the jurisdictional defect is such that no delay in the remand is appropriate, the Clerk of Court is directed to mail the certified copy of the remand order forthwith (see this District Court's General Rule 30(b)).