W.C. COHEN, Jr., Plaintiff,

v.

David HOARD and Gary Hoard d/b/a
Advance Mold, Defendants.

No. 88–1415–C.

United States District Court,
D. Kansas.

Oct. 12, 1988.

James D. Oliver, Stephen M. Kerwick,
Foulston, Siefkin, Powers & Eberhardt,
Wichita, Kan., for plaintiff.

H.E. Jones, Hershberger, Patterson,
Jones & Roth, Wichita, Kan., Miller, Can-
field, Paddock & Stone, Bloomfield Hills,
Mich., for defendants.

MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on plaintiff's motion to remand the case to the Kansas District Court of Sedgwick County, Kansas, pursuant to 28 U.S.C. § 1447(c), and to direct the forfeiture of defendant's removal bond. Plaintiff, W.C. Cohen, Jr. (Cohen), contends the case was improvidently removed because the defendant David Hoard failed to join in the removal petition within the required thirty-days. Defendant Gary Howard opposes the motion.

Plaintiff filed his suit in state court on April 22, 1988, against two defendants, David Hoard and Gary Hoard d/b/a Advance Mold. In a subrogation claim, plaintiff alleged that David Hoard converted certain property valued in excess of $10,-000 and subject to a security interest and that defendant Gary Hoard d/b/a Advance Mold is vicariously liable for these actions.

Defendant David Hoard was served with process on April 29, 1988. David Hoard never appeared or answered the petition filed in state court. Plaintiff had filed a motion for default judgment against him on June 27, 1988, and it was scheduled for hearing on July 8, 1988. Defendant Gary Hoard d/b/a Advance Mold was served with process on June 2, 1988. Gary Hoard filed his petition for removal on July 6, 1988, asserting the federal district court would have original diversity jurisdiction of plaintiff's action under 28 U.S.C. § 1332 and that it could be removed pursuant to 28 U.S.C. § 1441(a).

■ At any time before final judgment, the district court must remand a case that appears to have been removed improvidently. 28 U.S.C. § 1447(c). Since removal is entirely a statutory right, the relevant procedures must be followed. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3rd Cir.1985). Removal statutes are strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Giorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1198 (D.R.I.1986).

■ One procedural requirement for removal is set forth in 28 U.S.C. § 1446(a), which provides in pertinent part:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and order served upon him or them in such action.

Courts have interpreted this subsection as requiring *all* then served, properly joined defendants, except nominal and formal defendants, to join in the removal petition. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988); *Getty Oil, Div. of Texaco v. Ins. Co. of North Am.*, 841 F.2d 1254, 1261 (5th Cir.1988); *Dachenbach v. Pamida, Inc.*, 683 F.Supp. 1268, 1269 (S.D.Iowa 1988); *see Chicago, Rock Island & Pacific Railway v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900). The failure to join all proper defendants renders the removal petition procedurally defective. *Emrich*, 846 F.2d at 1193 n. 1; *e.g. Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir.1981).

The courts have recognized three exceptions to this requirement of unanimity among defendants: (1) nominal or formal parties are not required to join the removal petition; (2) defendants who have not yet been served with process are not required to join, and (3) separate and independent claims may be removed individually under 28 U.S.C. § 1441(c). *Gorman*, 629 F.Supp. at 1200.

■ The other relevant procedural requirement in § 1446 states:

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, or a copy of the initial pleading setting forth the claim for relief upon which

such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

As judicially interpreted, this provision requires all served defendants, except nominal defendants, to join in or consent to the removal petition within thirty days of service. *Getty Oil*, 841 F.2d at 1263. *Godman v. Sears, Roebuck & Co.*, 588 F.Supp. 121, 123 (E.D.Mich.1984); *Hill v. Phillips, Barratt, Kaiser Engineering Ltd.*, 586 F.Supp. 944, 945 (D.Me.1984). While this time limitation is not jurisdictional, *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986), it is strictly enforced and not subject to extension by consent of the parties or order of the court. *Hill*, 586 F.Supp. at 945. The failure to petition within thirty days may render removal improvident under § 1447(c). *Brown*, 792 F.2d at 481; *Grazetich v. VLI Corp.*, 670 F.Supp. 793, 794 (N.D.Ill.1987).

■ Where there are multiple defendants the thirty-day period commences when the first defendant is served. *Getty Oil*, 841 F.2d at 1263; *Brown*, 792 F.2d at 481. As a general rule, "[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove ... due to the rule of unanimity among defendants which is required for removal." *Brown*, 792 F.2d at 481 (quoting 1A J. Moore, Moore's Federal Practice, ¶ 0.168 [3.5–5], 586–87 (2d ed. 1985)); *see also Grzetich*, 670 F.Supp. at 793–94. The Fifth Circuit has defended this general rule as promoting "unanimity among the defendants without placing undue hardships on subsequently served defendants." *Getty Oil*, 841 F.2d at 1263. The argued unfairness of denying the opportunity to remove to a subsequently served defendant is simply the operation of the unanimity requirement. For example, even if the defendant is able to petition for removal within thirty days, the co-defendant may oppose removal or may be domiciled in the same state as the plaintiff. *Brown*, 792 F.2d at 482. Furthermore, even a later served defend-

ant has the right to choose the state forum by moving to remand. 28 U.S.C. § 1448. This general rule is in step with other doctrines of removal jurisdiction: (1) a defendant seeking removal must strictly comply with statutory requirements; (2) in a multiple-defendant case, the petition must show each defendant is eligible for removal; (3) the burden of showing the propriety of removal always rests with the removing party, *Grzetich*, 670 F.Supp. at 794; and (4) any substantial doubts as to statutory compliance for removal should result in remand. *Id.; Gormann*, 629 F.Supp. at 1203.

■ The facts of the present clearly fall within the general rule as defendant Gary Hoard d/b/a Advance Mold did not file its removal petition until sometime after the expiration of the thirty-day period from the service of process on co-defendant David Hoard. The removing defendant, however, requests the court's application of an exception never before recognized. Because defendant David Hoard has yet to answer and default judgment is imminent, the removing party seeks an order finding it to be the only defendant. The decision of *Lewis v. Rego Co.*, 757 F.2d 66, is distinguishable as involving the limited exception to the unanimity rule where at the time of filing the removal petition, the nonjoining defendant was a nonresident who had not been *served*. *Id.* at 68. The Third Circuit did hold that a removal petition alleging that the nonjoining defendant had not entered an appearance was sufficient to invoke the *nonservice* exception. *Id.* at 68–69. In the present case, David Hoard has been served so the nonservice exception is unavailable.

The removing defendant has not offered any direct legal authority for exercising removal jurisdiction in this case. To recognize an exception under these facts runs counter to the policy of restricting removals to those expressly allowed by statute and to the trend of limiting removal jurisdiction. *Getty Oil*, 841 F.2d at 1263. For these reasons, the court finds the present case to have been improvidently removed

and remands it to the Kansas District Court of Sedgwick County, Kansas.

Plaintiff's motion to remand also requests a forfeiture of defendant's removal bond. No written argument has been offered to support that request. The award of "just costs" to plaintiff under § 1447(c) is discretionary, rather than mandatory, and is usually confined to those cases where the nonremovability of the action is obvious. *Gorman*, 629 F.Supp. at 1204; *Olsen v. Olsen*, 580 F.Supp. 1569, 1572 (N.D.Ind.1784). Because the removing defendant in this case did raise a novel and reasonable argument, this court is hesitant to punish the defendant with imposition of costs.

IT IS THEREFORE ORDERED that plaintiff's motion for remand is granted;

IT IS FURTHER ORDERED that plaintiff's request for forfeiture of defendant's bond is denied.