**FIRST NATIONAL BANK & TRUST COMPANY IN GREAT BEND,**
Plaintiff,

v.

David J. NICHOLAS and Gerald Grimes as Receiver for American Standard Life and Accident Insurance Company, Defendants.

No. 91–1162–C.

United States District Court,
D. Kansas.

July 31, 1991.

Mark D. Calcara, Watkins, Calcara, Rondeau & Friedeman, Great Bend, Kan., for plaintiff.

John J. Murphy, Carol A. Beier, Foulston & Siefkin, Wichita, Kan., Jeff L. Hartmann, Sheed & Hartmann, Oklahoma City, Okl., for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

This is an action on a note in the amount of $205,000 plus interest. David J. Nicholas executed a note in favor of First National Bank & Trust Company in Great Bend (FNBT). FNBT contends that American Standard Life and Accident Insurance Company (ASL) guaranteed the note. Both Nicholas and ASL are citizens of the State of Oklahoma. This case comes before the court upon FNBT's motion to remand this case to the District Court of Barton County, Kansas, on the ground that the defendant's motion to remove was not timely filed as required by 28 U.S.C. § 1446(b).

## FACTS

The facts are undisputed. On January 29, 1991, FNBT filed an action to recover on the note and purported guarantee. On February 6, 1991, both defendants were served with process, which specified that an answer should be filed by Nicholas no later than March 8, 1991, and by ASL no later than March 18, 1991.[1]

On February 22, 1991, Gerald Grimes, Insurance Commissioner of the State of Oklahoma, was appointed receiver for ASL.

On March 12, 1991, FNBT obtained a default judgment against Nicholas, who did not file an answer. An amended journal entry of default judgment was filed on March 19, 1991.

On March 15, 1991, Grimes filed a motion to extend answer date and to substitute or add party defendant. On April 26, 1991, the state court ordered that Grimes be substituted in the case for ASL. FNBT did not oppose the substitution. The district court order states: "[M]ovant is an indispensable party to this action and is the real party in interest in defending the claim asserted herein by the plaintiff against American Standard Life and Accident Insurance Company."

On May 3, 1991, Grimes, the receiver, filed notice of removal. In the notice of removal, Grimes asserts federal diversity jurisdiction.

The issue presented by this case is whether the defendant timely removed this case to federal court as required by 28 U.S.C. § 1446. FNBT contends that the defendant did not file a notice of removal within 30 days from the receipt of the initial pleadings. FNBT contends that Grimes, who stepped into the shoes of ASL, acquires no additional rights and therefore ASL's failure to exercise the right of removal binds Grimes. In urging this interpretation of the statute, FNBT primarily relies on the analysis found in nineteenth century cases. FNBT also argues that because the co-defendant (Nicholas) was in a position to seek removal within the thirty day limitation and failed to do so, Grimes is thereafter precluded from seeking removal.[2]

Grimes concedes that in general, the failure to file notice of removal within 30 days of the receipt of the initial pleading bars removal. However, Grimes contends that removal in this instance was proper under the exceptions found in 28 U.S.C. § 1446(b). Grimes contends that the case was not removable until the state court declared him an indispensable party and the real party in interest. In support of this argument, Grimes cites to several cases in which the court has held that the thirty-day limitation in § 1446(b) did not start to run against the FDIC until the FDIC was substituted as a party.

Grimes argues in the alternative that even if the case is regarded "as removable based on the original pleadings, the renew-

---

1. For whatever reason, ASL was served again on February 11, 1991.

2. The court's disposition of this case makes this argument moot. The court expresses no opinion on the merits of this argument.

al provision of § 1446(b) can still be applied when an amendment or order or other paper 'provides a new basis for removal or changes the character of the litigation so as to make it substantially a new suit.' " (quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3732 at 525–26 (1985)).

■ 28 U.S.C. § 1446 provides in pertinent part:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

At any time before final judgment, the district court must remand a case that appears to have been removed improvidently. 28 U.S.C. § 1447(c). As removal is entirely a statutory right, the relevant procedures, including time limitations, must be followed. *Cohen v. Hoard,* 696 F.Supp. 564, 565 (D.Kan.1988). "Removal statutes are strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers." *Id.* The burden of showing the propriety of removal always rests with the removing party. *Id.* at 566; *Dawson v. Orkin Exterminating Co., Inc.,* 736 F.Supp. 1049, 1050 (D.Colo.1990).

■ The removal statute requires that all served defendants, except nominal defendants, join in or consent to the removal notice within thirty days of service. *Cohen,* 696 F.Supp. at 566. Failure to timely file a notice for removal is a defect requiring remand to the state court. *Knudsen v. Samuels,* 715 F.Supp. 1505, 1507 (D.Kan. 1989). The time limitation is not jurisdictional. *Cohen,* 696 F.Supp. at 566. However, the time limitations found in the statute are to be strictly enforced and are not subject to extension by consent of the parties or order of the court. *Id.*

At the time FNBT filed its complaint in state court, the information found in the petition indicated that the case could have been filed in federal court on the basis of diversity; neither party appears to dispute that proposition. Grimes, however, interprets § 1446(b) to allow removal because the case stated in the initial pleading was not "removable" as far as he was concerned because he was not named in that petition or then a party to the suit.

Grimes' interpretation of the phrase "become removable" is incorrect. The Tenth Circuit has discussed examples of the special conditions which might justify the exercise of removal authority under § 1446(b):

This provision, added in 1949, codifies prior holdings that the period for filing the removal petition will be extended or renewed at the time when a case that did not seem to be removable at first later becomes or is discovered to be removable. This transformation may occur in a number of ways. Plaintiff may amend the initial pleading to include a claim for relief within the jurisdiction of the federal courts, such as a federal claim or a separate and independent claim that is removable. Or plaintiff—or events beyond plaintiff's control—may increase the amount in controversy to the requisite jurisdictional level. Moreover, a change in parties, such as plaintiff's voluntary dismissal of those defendants whose presence destroyed diversity, may make the action removable. Plaintiff also may reveal the citizenship of or residence of the parties, when that was previously unknown. In a number of cases

removal of an arbitration proceeding has been permitted when one of the parties initiated a state court proceeding and the requirement of a "civil action brought in a State court" was first met at that time. (emphasis deleted)

*DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir.1979) (quoting 14 *Federal Practice and Procedure* § 3732, at 726–27 (1976)). The court of appeals commented that events of that type or the voluntary acts of the plaintiff, such as dismissing a non-diverse defendant to bring about a diversity situation, are the types of situations to which that portion of § 1446(b) applies. *Id.* at 487. *See* 1A *Moore's Federal Practice* ¶ 0.168[3–5–6] at 597 (1991).

In this case, § 1446(b) does not aid Grimes in his efforts to sustain removal. Grimes' substitution as the real party in interest did not make the case "become removable," but instead was merely the substitution of one defendant for another.

> If the action was originally removable, but was not removed, an amendment of the claims or the addition or substitution of defendants will not make the case again removable for purposes of the time limitations, unless the amendment or the addition of the new defendant gives rise to another basis for removal. (Footnote omitted)

1A *Moore's Federal Practice* ¶ 0.168[3–5–6] at 594–95 (1991). The court, in its independent research of this issue, could find no direct support for the position urged by Grimes. Grimes is barred by ASL's failure to file a notice of removal within the prescribed time limits.

■ Grimes' alternative argument, that § 1446(b) would allow removal if the amendment or order or other paper provides a new basis for removal or changes the character of the litigation so as to make it a substantially new case, is unavailing. As noted above, this argument is taken from a quote found in *Federal Practice*

*and Procedure.* In full, the quotation provides:

> The statute specifies that this supplementary period for petitioning for removal is available only when "it may be first ascertained that the case [not previously removable] is one which has become removable." Thus an amendment of the complaint will not revive the period for removal if the case previously was removable but defendant failed to exercise his right to do so. A different result is reached, however, if the amendment provides a new basis for removal or changes the character of the litigation so as to make it substantially a new suit, since a willingness to remain in a state court to litigate a particular claim should not be interpreted as willingness to remain in a state court to adjudicate a different claim. (Footnotes omitted)

14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3732 at 525–26 (1985).

In the case at bar, Grimes has failed to demonstrate that either a new basis for removal exists (as diversity of citizenship previously existed) or that a substantially new suit exists. Grimes's substitution as the real party in interest appears to do little or nothing to change the nature or substance of this case. Thus, § 1446(b) is of no support for Grimes' position.

Grimes contends that several courts have applied the renewal provision of § 1446(b) to situations in which "an amended pleading, motion, order or other paper resulted in a change or substitution of a party with a right to remove." Grimes then cites several cases which at first glance seem to support his argument that removal is appropriate in the case at bar. *See, e.g., Interior Glass Services, Inc. v. FDIC*, 691 F.Supp. 1255, 1256–57 (D.Alaska 1988) (30-day clock of removal statute started to run when FDIC substituted as party).[3]

The court has reviewed each of the cases cited by Grimes.[4] *Interior Glass* and the

---

**3.** Grimes refers to this case as "nearly identical" to the case at bar.

**4.** *American National Bank v. National Benefit and Casualty Co.*, 70 F. 420, 422 (D.Colo.1895),

cited by Grimes, is inapposite as the insurer in that case was insolvent before the complainant filed his claim. In fact, if anything, that case supports FNBT's position:

■

other cases cited by Grimes are not particularly instructive in this case as those cases are distinguishable in one significant aspect: those cases involved the appointment of the FDIC as the substituted party. Under 12 U.S.C. § 1819,[5] the FDIC may remove cases to federal court. As interpreted by some courts, the 30–day limitation in § 1446(b) does not begin to run against the FDIC until the FDIC is actually brought in as a party to the action.[6] Therefore, when the FDIC enters a case in its role as receiver, the statute specifically provides new and independent grounds for removal to federal court (subject to the 30–day limitation found in § 1446(b)).

The court also notes that the rule that substitution of defendants does not entitle the substituted party to an additional 30 days is not particularly harsh in this case as Grimes was appointed receiver before the expiration of the 30 days from service on ASL. Grimes did not move for substitution within that time frame, but instead waited well beyond the 30–day limitation to intervene. Grimes did not file the notice of removal until more than two months had passed since his appointment as receiver.[7] In any event, Grime's notice of removal is untimely.

In short, Grimes did not file notice of removal within the 30–day limitation of § 1446(b), nor did substitution as the real party in interest afford him an additional 30 days in which to file notice of removal. Grimes' notice of removal is therefore untimely and the court is compelled to remand the case to the District Court of Barton County, Kansas.

▇▇ FNBT seeks costs including reasonable attorneys fees. This request is, however, unsupported by any specific discussion of the appropriate standards for awarding costs. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c).[8] The decision to award costs lies in the discretion of the district court. *Bucary v. Rothrock*, 883 F.2d 447 (6th Cir.1989); *Cohen*, 696 F.Supp. at 567. Generally, the court is more likely to award costs in removal actions that are frivolous. *Bucary*, 883 F.2d at 449.

The court concludes that in this case an award of costs is not justified, as Grimes has presented a good faith and somewhat novel, albeit unsuccessful, attempt to remove this case to federal court. FNBT has done little to demonstrate that an award of

---

▇▇▇▇ It is also urged that the petition for removal was not filed in apt time, and this seems to rest on the failure of the insurance company to make the application, *which must be imputed to [the receiver],* as he represents the company. On that point it will be observed that the insurance company, having been dissolved before the bill was filed, was never a party to the suit. It was incapable of becoming a party, and the suit was unilateral until the appearance of [the receiver]. (emphasis added).
70 F. at 422.

5. The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 eliminated a portion of 12 U.S.C. § 1819. *See Woburn Five Cents Sav. Bank v. Robert M. Hicks*, 930 F.2d 965, 967 (1st Cir.1991).

6. There are, however, cases which hold that the thirty-day limitation begins to run when the FDIC is appointed as receiver. *See Woburn*, 930 F.2d at 971; *Lazuka v. Federal Deposit Ins. Corp.*, 931 F.2d 1530, 1537 (11th Cir.1991). In fact, one of the cases cited by Grimes, *Addison Airport of Texas, Inc. v. Eagle Inv. Co.*, 691

F.Supp. 1022 (N.D.Tex.1988) supports that proposition. The court held that "the FSLIC must remove a state court action within 30 days of its appointment as receiver if the failed thrift is a party to the action on the date of FSLIC's appointment." *Id.* at 1026. *See also FSLIC for Sunbelt Sav. Ass'n of Texas v. Browning*, 732 F.Supp. 690, 691 (N.D.Tex.1989) ("When the FSLIC is appointed receiver for a failed thrift that is a party to litigation, the action becomes removable by the FSLIC and the FSLIC is required to remove within 30 days of its appointment as receiver.").

7. The court, of course, recognizes that Grimes' position as receiver is not identical to the FDIC's position as receiver. Grimes ability to file notice of removal (as a substituted party) would have been contingent upon the state district court's action on the motion to substitute. In this case, however, Grimes' own delays necessarily precluded the state district court from substituting Grimes within the 30–day limitation.

8. 28 U.S.C. § 1447 was amended in 1988. The amendment specifically authorizes the award of "actual expenses, including attorney fees."

costs is appropriate. Under these circumstances, the court declines to award costs.

IT IS THEREFORE ORDERED that FNBT's motion to remand to the state district court (Dk. 7) is granted.

IT IS FURTHER ORDERED that FNBT's request for costs, including reasonable attorneys fees, is denied.