**SBKC SERVICE CORP., Plaintiff,**

v.

**1111 PROSPECT PARTNERS,
L.P. et al., Defendants.**

**No. 95–2540–JWL.**

United States District Court,
D. Kansas.

Feb. 18, 1996.

John L. Peterson, Williamson & Cubbison, Kansas City, KS, Elizabeth Drill Nay, Louis A. Cohn, Lewis, Rice & Fingersh, Kansas City, MO, for plaintiff.

Terrence L. Bingman, Luce, Forward, Hamilton & Scripps, San Diego, CA, Daniel M. Dibble, William C. Odle, Peter F. Daniel, Lathrop & Gage, L.C., Kansas City, MO, for defendants.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

## I. Introduction

This matter comes before the court on the plaintiff's motion to remand this case to Wyandotte County District Court for further proceedings (Doc. # 12). For the reasons discussed below, the plaintiff's motion to remand is granted.

## II. Facts

1111 Prospect Partners, L.P. ("1111 LP"), a California limited partnership, sought financing from Security Bank of Kansas City ("Security Bank"), the plaintiff's parent corporation, to purchase real estate in California. As a condition to getting this loan, Security Bank required that 1111 LP provide an irrevocable letter of credit. On May 6, 1991, the First National Bank ("FNB"), a federal savings bank doing business in San Diego, issued a letter of credit for $1,669,309 ("Letter of Credit") on behalf of 1111 LP and in favor of Security Bank. FNB required Mr. Jefferys and his wife to execute a guaranty on the Letter of Credit. On May 7, 1991, Security Bank loaned 1111 LP $8,346,547. This loan was evidenced by a promissory note ("Note") and secured by a construction deed of trust and security agreement ("Deed of Trust") on the property located at 1111 Prospect, La Jolla, California ("the Property"). The Note contains a forum selection clause whereby the parties agreed that "an action may be maintained in the state of Kansas and the county and venue of Wyandotte ... in any action for a deficiency." The Deed of Trust contains a forum selection clause whereby the parties agreed that the Wyandotte County District Court "shall" have jurisdiction over any action for a deficiency. 1111 LP defaulted and the plaintiff, as the holder of the Note and the assignee of the Deed of Trust, foreclosed on the Property. After the foreclosure sale, a deficiency of $764,000 remained ("the Deficiency"). The plaintiff filed this action in Wyandotte County District Court to collect the Deficiency. The defendants removed this action to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1446. The plaintiff does not challenge the removal of this case based on a lack of diversity jurisdiction argument. Rather, the plaintiff argues that the forum selection clauses in the Note and the Deed of Trust require that this case be remanded to Wyandotte County District Court.

## III. Discussion

■ Title 28 U.S.C. § 1446 states the procedure for removing a civil action from state court to federal court. When there are multiple defendants, § 1446 requires that all defendants must join in or consent to the removal. *See First National Bank & Trust Co. in Great Bend v. Nicholas,* 768 F.Supp. 788 (D.Kan.1991) (holding that in order to remove a case from state court to federal court under 28 U.S.C. § 1446, all the defendants must join in or consent to removal). Therefore, the issue is not, as the defendants contend, whether the Jefferys are bound by the forum selection clause in the Note and the Deed of Trust because that is not determinative of whether this action can be removed even if the court concluded that they were not bound. Rather, the issue is whether the forum selection clause in the Note and the Deed of Trust prevents defendant 1111 LP from joining in or consenting to the removal of this action and, thereby, prevent-

ing these defendants from removing this action under § 1446.

 Waiver of one's statutory right to remove a case from a state to a federal court must be clear and unequivocal. *Milk'n'More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir.1992). Nevertheless, forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *Id.* (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972)). The court believes that enforcement of this forum selection clause would be reasonable under the circumstances and that 1111 LP clearly and unequivocally waived its statutory right to remove this case from Wyandotte County District County to federal court in the Note and the Deed of Trust by agreeing that an action for a deficiency could be brought in Wyandotte County. The defendants argue that the language of the forum selection clause is permissive and should not be read to make the Wyandotte County forum exclusive. They are right, in this court's view, but only to a point. Defendant 1111 LP conferred upon the plaintiff's predecessor in interest its permission to bring the action in that venue. Had the plaintiff brought it in another venue the defendants could not have been heard to complain, because the plaintiff had only been granted permission and not required to so proceed. That does not mean, however, that the signatory defendant can, in essence, revoke that permission by denying the plaintiff the forum it had a right to choose. To allow the defendant to join in removal to federal court, thus countermanding the action the plaintiff took with its permission, would render the grant of permission a nullity, an illusory promise of sorts. That would neither be a reasonable reading of the clause here nor a reasonable outcome in light of the parties' agreement.

As a result of the foregoing, the court concludes that this case was improperly removed and that it must be remanded to Wyandotte County District Court. Because 1111 LP, a defendant in this case, waived its statutory right to remove the case, that prevents it from joining in or consenting to the removal by the other defendants as required under 28 U.S.C. § 1446. *See First National Bank & Trust Co. in Great Bend v. Nicholas*, 768 F.Supp. 788 (D.Kan.1991).[1]

IT IS THEREFORE ORDERED BY THE COURT that the plaintiff's motion to remand this case to Wyandotte County District Court (Doc. # 12) is granted. In light of this court's ruling, the defendants' motion to dismiss (Doc. # 4) and the plaintiff's motion to file a surreply (Doc. # 22) are deemed moot.

**IT IS SO ORDERED.**

1. Accordingly, the court declines to reach the motion to dismiss in light of this order.