McSHARES, INC., Plaintiff,

v.

Donald D. BARRY, Esq.; et al., Defendants.

No. 97–4055–SAC.

United States District Court, D. Kansas.

Aug. 20, 1997.

Thomas M. Bradshaw, Daniel O. Herring-
ton, Armstrong, Teasdale, Schlafly & Davis,

Kansas City, MO, J. Stan Sexton, Hampton, Royce, Engleman & Nelson, Salina, KS, for Plaintiff.

Norman I. Reichel, Arlen L. Tanner, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Defendants Donald and Anthony Barry.

Robert G. Martin, II, Richard T. Foster, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, KS, Norman R. Kelly, Norton, Wasserman, Jones & Kelly, Salina, KS, for Defendants Kohn Swift & Graft, Joseph C. Kohn.

Catherine M. Walberg, Wayne T. Stratton, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, Robert Martin, II, Richard Foster, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, KS, for Defendant Steven A. Asher.

James D. Griffin, Scott R. Ast, Blackwell, Sanders, Matheny, Weary & Lombardi L.L.P., Overland Park, KS, for Defendant David H. Weinstein.

Catherine M. Walberg, Wayne T. Stratton, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Defendants Barrack Rodos Bacine, Leonard Barrack, Gerald J. Rodos, Daniel E. Bacine, Anthony J. Bolognese.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the plaintiff McShare Inc.'s ("McShares") motion to remand. (Dk.13). The removing defendants, Donald D. Barry and Anthony S. Barry, oppose remand. (Dk.16).

### NATURE OF ACTION

In November of 1996, the plaintiff filed a two-count complaint in the District Court of Saline County, Kansas, against eleven defendants. (Dk.1, Attachment). The plaintiff alleges in its complaint that the defendants filed or caused to be filed an action on behalf of Albert City Elevator Company and named McShares, Inc. as a defendant in an amended complaint. The plaintiff further alleges that after a "lengthy jury trial, a unanimous verdict was returned in favor of McShares, Inc. in the U.S. District Court for the District of Kansas at Kansas City, Kansas." (Dk.1, Attachment). Asserting a malicious prosecution count and an abuse of process count, the plaintiff McShares now seeks to recover its costs, expenses, and damages from having defended the earlier action. *Id.*

### PROCEDURAL BACKGROUND

The defendants Donald D. Barry and Anthony S. Barry ("Barrys") filed a notice of removal on March 19, 1997. (Dk.1). The Barrys allege therein that their attorney accepted service on their behalf on or about February 27, 1997, and that they filed the notice of removal within the required thirty-day period after service. The Barrys assert the action is removable, because an essential element to the plaintiff's claim is what constitutes probable cause for bringing a federal anti-trust claim. (Dk.1). The defendant David H. Weinstein filed his written consent to removal on March 24, 1997. (Dk.3). The defendants Barrack, Rodos & Bacine, a general partnership, Leonard Barrack, P.C. and Anthony J. Bolognese filed their consent to removal on April 10, 1997. (Dk.12). The defendants Joseph C. Kohn, Steven A. Asher, and Kohn, Swift & Graf, P.C. filed their written consent to removal on April 14, 1997. (Dk.15).

The plaintiff McShares filed its motion to remand on April 10, 1997, arguing the following alternative grounds for remand: (1) that all defendants have not joined or consented to the removal within thirty days after service on the first-served defendant; (2) that this action does not arise under the Constitution, laws or treaties of the United States; and (3) that the defendants Donald Barry and Anthony Barry were not fraudulently joined to defeat diversity jurisdiction.

In response, the defendant Barrys admit that all defendants did not consent to removal thirty days after service on the first defendant. The Barrys argue that the unanimity of consent doctrine is neither jurisdictional nor statutory, that all defendants filed consents to removal within thirty days of the notice of removal, and that all defendants should have the same thirty-day period as the plaintiffs. Barrys reiterate their position that a malicious prosecution action that arises out of a federal anti-trust action also arises out of federal law for purposes of federal court jurisdiction.

In reply, the plaintiff notes that defendants Gerald Rodos and Daniel Bacine have never consented to removal. The plaintiff further argues that the minority rule cited by the defendant Barrys is not that a defendant has the same thirty-day period to consent as the plaintiff has to seek remand but that a defendant must consent within thirty days from when it was served.

## PROCEDURAL OBJECTIONS AND ISSUES

The defendant Barrys filed a surreply on May 8, 1997, without requesting leave of the court. (Dk.21). The plaintiff McShares subsequently filed a motion for leave to file "Surrebuttal in Support of Plaintiff's Motion for Remand or, in the alternative, to Strike Surreply of the Berry (sic) Defendants in Opposition to Plaintiff's Motion to Remand." (Dk.23). The defendants Daniel E. Bacine, P.C. ("Bacine") and Gerald J. Rodos, P.C. ("Rodos") then filed a motion for leave to a file a response to the plaintiff McShares's surrebuttal. (Dk.27).

The rules of this court do not provide for the filing of surreplies. D.Kan. Rule 7.1. The courts in this district do not permit a surreply without leave of the court, *Brown v. Security, Benefit Group,* 1997 WL 263737, 74 Fair Empl.Prac.Cas. (BNA) 666 (D.Kan., April 24, 1997) (No. 95–4127–SAC); *Harnett v. Parris,* 925 F.Supp. 1496, 1500 (D.Kan. 1996); *see, e.g., Edwards v. Esau Investments, Inc.,* 1994 WL 606073, at *5 (D.Kan. Oct.31, 1994) (No. 93–4130–DES); *Dees v. Vendel,* 1994 WL 17951, at *1 (D.Kan. Jan.13, 1994) (No. 91–2482–EEO), and reserve leave for rare circumstances as "where a movant improperly raises new arguments in a reply," *E.E.O.C. v. International Paper Co.,* 1992 WL 370850 (D.Kan. Oct.28, 1992) (No. 91–2017–L). Such rules are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word.

■ The defendant Barrys offer no excuse or justification for filing the surreply without leave. They stand on the fact that D. Kan. Rule 7.1 does not prohibit surreplies nor requires leave for their filing. It would be more accurate to say that D. Kan. 7.1 does not mention surreplies. While the defendants want to construe the absence of "surreplies" in D. Kan. Rule 7.1 to their favor, the courts have done otherwise. The court sustains the plaintiff McShares's motion to strike the defendant Barrys' surreply to the extent that the court will disregard it. For this reason, the court denies McShares's alternative request for leave to file a surrebuttal and disregards any submitted surrebuttal. There being no surrebuttal, the court denies the defendant Bacine's and Rodos's request for leave to file a response to McShares's surrebuttal.

## LAW GOVERNING REMAND

The relevant procedures for removal are found at 28 U.S.C. § 1446, which provides in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action ... shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure....

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

■ A "defect in the removal procedure" is one of the two grounds for remand specified in 28 U.S.C. § 1447(c). A defect in the removal notice, an untimely removal notice, or any "[f]ailure to comply with the requirements of § 1446(b) constitutes a 'defect in removal procedure.'" *Page v. City of Southfield,* 45 F.3d 128, 131 (6th Cir.1995) (citing *In re Continental Casualty Co.,* 29 F.3d 292, 294 (7th Cir.1994)); *see In re Ocean Marine Mutual,* 3 F.3d 353, 356 (11th Cir.1993); *Maniar v. F.D.I.C.,* 979 F.2d 782, 785 (9th Cir.1992). A motion to remand based on a procedural defect must be filed within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). The plaintiff's motion to remand is timely.

As a creature of statute, removal comes with statutory procedures and requirements that are mandatory in nature. *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3rd Cir.1985); *First Nat. Bank & Trust Co. v. Nicholas,* 768 F.Supp. 788, 790 (D.Kan.1991); *Cohen v. Hoard,* 696 F.Supp. 564, 565 (D.Kan.1988). While these procedural requirements are not jurisdictional in nature, they have been strictly enforced. *Spillers v. Tillman,* 959 F.Supp. 364, 368 (S.D.Miss. 1997); *Cohen v. Hoard,* 696 F.Supp. at 566. "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3rd Cir.1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3rd Cir.1987), *cert. dismissed,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988)), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *see Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." (citations omitted)); *Cohen v. Hoard,* 696 F.Supp. at 565 ("Removal statutes are strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers." (citations omitted)). The removing party has the burden to show that removal was properly accomplished. *Spillers v. Tillman,* 959 F.Supp. at 368; *Christian v. College Boulevard Nat. Bank,* 795 F.Supp. 370, 371 (D.Kan.1992); *First Nat. Bank & Trust Co. v. Nicholas,* 768 F.Supp. at 790.

"A petition [notice] for removal fails unless all defendants join it." *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir.1994) (citing *Hanrick v. Hanrick,* 153 U.S. 192, 14 S.Ct. 835, 38 L.Ed. 685 (1894); *Torrence v. Shedd,* 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528 (1892)); *see Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Lewis v. Rego Co.,* 757 F.2d at 68; *Cornwall v. Robinson,* 654 F.2d 685, 686 (10th Cir.1981). This requirement is firmly established by case law, even though it is not an express statutory requirement.

*Spillers v. Tillman,* 959 F.Supp. at 368. It is commonly referred to as the unanimity rule or requirement. *Ford v. New United Motors Mfg., Inc.,* 857 F.Supp. 707, 708 (N.D.Cal. 1994); *Martin Pet Products (U.S.), Inc. v. Lawrence,* 814 F.Supp. 56, 57 (D.Kan.1993). The failure to join all proper defendants renders the removal petition procedurally defective. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n. 1 (9th Cir.1988); *Cohen v. Hoard,* 696 F.Supp. at 565. Exceptions exist for the non-joinder of nominal, unknown, unserved or fraudulently joined defendants. *Balazik v. County of Dauphin,* 44 F.3d 209, 213 n. 4 (3rd Cir.1995); *Cohen,* 696 F.Supp. at 565. The unanimity rule applies to both diversity cases and federal question cases. *Spillers v. Tillman,* 959 F.Supp. at 368.

"To 'join' a motion [or notice of removal] is to support it in writing...." *Roe v. O'Donohue,* 38 F.3d at 301. This does not mean that all defendants must sign the same notice of removal. *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America,* 841 F.2d 1254, 1262 (5th Cir.1988); *Jarvis v. FHP of Utah, Inc.,* 874 F.Supp. 1253, 1254 (D.Utah 1995); *Barger v. Bristol–Myers Squibb Co.,* 1994 WL 69508, at *2 (D.Kan. Feb.25, 1994) (No. 93–2485–JWL). Each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period.[1] *Jarvis,* 874 F.Supp. at 1254; *Barger,* 1994 WL 69508 at *2; *Martin Oil Co. v. Philadelphia Life Ins. Co.,* 827 F.Supp. 1236, 1237 (N.D.W.Va.1993); *see Wilkins v. Correctional Medical System,* 931 F.2d 888, 1991 WL 68791, at *2 n. 2 (4th Cir.1991) (Table). It is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to removal. *Landman v. Borough of Bristol,* 896 F.Supp. 406, 408–09 (E.D.Pa.1995); *see Spillers v. Tillman,* 959 F.Supp. at 369 (The majority view is that "'mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder.'" (quoting *Production Stamping Corp. v. Maryland Casualty Co.,* 829 F.Supp. 1074, 1076 (E.D.Wis.

---

1. There are valid reasons for this requirement, which are fully discussed in this court's prior opinion of *Henderson v. Holmes,* 920 F.Supp. 1184, 1187 n. 2 (D.Kan.1996).

1993))); *see, e.g., Roe v. O'Donohue,* 38 F.3d at 301; *Getty Oil Corp.,* 841 F.2d at 1262 n. 11; *Barger,* 1994 WL 69508, at *2; *Ogletree v. Barnes,* 851 F.Supp. 184, 187–189 (E.D.Pa. 1994). "[O]ne defendant's attempt to speak on behalf of another defendant will not suffice." *Landman,* 896 F.Supp. at 409 (citations omitted); *see Ogletree,* 851 F.Supp. at 189.

▇▇▇▇ The thirty-day time limitation of § 1446(b) is not a jurisdictional requirement, but it is a procedural requirement that is strictly enforced. *First Nat. Bank & Trust Co. v. Nicholas,* 768 F.Supp. at 790; *Cohen v. Hoard,* 696 F.Supp. at 566. Where there are multiple defendants the thirty-day period commences when service is obtained on the first-served defendant.[2] *Getty Oil Corp.,* 841 F.2d at 1263; *Scheall v. Ingram,* 930 F.Supp. 1448, 1449 (D.Colo.1996).

The removing defendants say there is a split of authority over calculating when a defendant must give consent to removal. (Dk.16, ¶ 1). The federal courts within the District of Kansas which have addressed this issue, however, are not split. They have followed the majority rule. *See* footnote 2. While the removing defendants cite the *McKinney* decision and its discussion of fairness, they advocate a rule which is not supported by any citation, including *McKinney.* The removing defendants argue the thirty-day period for consent should not commence until after the notice of removal is filed. The defendants have no authority for their position other than the misguided argument that "[c]o-defendants should have the same 30 day period [as the plaintiff to seek remand] in which to make their determination." (Dk.16, ¶ 3). Such a rule would plainly contradict the express language of § 1446(b), that is, the notice of removal must be filed "within thirty days after receipt ... of a copy of the initial pleading setting forth the claim for relief." Moreover, this rule would create the situation where a plaintiff would not learn whether the removal was procedurally defective until after the thirty-day period for seeking a remand had expired. Thus, a plaintiff would be placed in the absurd position of having waived a procedural defect because the defect was not discoverable until it was too late. The court summarily rejects the defendants' untenable argument.

▇▇▇ The removing defendants have not shown that they filed their notice of removal within thirty days of service on the first-served defendant.[3] Nor have the removing defendants demonstrated that any of the con-

---

2. "[T]he majority of published decisions have found that in multi-defendant actions, the thirty-day period for removal commences for all defendants when service is accomplished on the first-served defendant." *Ford v. New United Motors Mfg., Inc.,* 857 F.Supp. 707, 709 (N.D.Cal.1994) (citations omitted); *see Weimer v. City of Johnstown, N.Y.* 931 F.Supp. 985, 991, 993 (N.D.N.Y. 1996); *Faulk v. Superior Industries Intern.,Inc.,* 851 F.Supp. 457, 458–59 (M.D.Fla.1994) (citations omitted); *D. Kirschner & Sons, Inc. v. Continental Cas.Co.,* 805 F.Supp. 479, 481 (E.D.Ky. 1992); *see, e.g., Getty Oil, a Div of Texaco, Inc.,* 841 F.2d at 1263; *Scialo v. Scala Packing Co.,* 821 F.Supp. 1276, 1277–78 (N.D.Ill.1993); *Greensmith Co., Inc. v. Com Systems,Inc.,* 796 F.Supp. 812, 814 (D.N.J.1992); *but see McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924, 927–28 (4th Cir.1992) (Permitted the eleventh defendant, who had been served less than a week before the initial thirty-day period expired, to join a notice of removal that was otherwise timely for the other ten defendants). The federal district courts in Kansas have followed this majority rule. *See, e.g., Patel v. Moore,* 968 F.Supp. 587, 588–90 (D.Kan.1997) ("[T]he majority rule is sound and ... there is no reason to apply a different rule in this case."); *Martin Pet Products (U.S.) v. Lawrence,* 814

F.Supp. 56, 57 (D.Kan.1993) (Saffels, J.); ·*Wickham v. Omark Industries, Inc.,* 1993 WL 393012, at *3 (D.Kan. Sept.28, 1993) (No. 92–2286–JWL) (Lungstrum, J.); *Dick v. John Deere Insurance Co.,* 1992 WL 190622, at *2 (D.Kan. July 14, 1992) (No. 92–4076–R) (Rogers, J.); *Cohen v. Hoard,* 696 F.Supp. 564, 566 (D.Kan.1988) (Crow, J.). The minority rule stated in *McKinney* is that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." 955 F.2d at 928. The equitable considerations that may justify the minority rule have not been shown relevant here. Moreover, such considerations appear to be adequately covered by one or more of the recognized exceptions to the unanimity rule.

3. In their reply brief, the plaintiff says: "Defendants Barry were the last served defendants but still filed their Notice of Removal within 30 days of the first served defendant." (Dk. 19 at 3). According to the plaintiffs, the defendants Weinstein, Anthony Bolognese, and Barrack, Rodos & Bacine were served on February 14, 1997. The defendant Barrys did not file their notice of removal until March 19, 1997, or thirty-three days later. Thus, it appears that the Barrys' notice of removal was not timely filed.

senting defendants filed their written consents within thirty days of service on the first-served defendant.[4] Even if the court were to follow the minority rule followed in *McKinney*, the removing defendants have not shown that any of the consenting defendants filed their consents within thirty days of service on them. *See* footnote 4. In addition, two defendants have yet to file their consents to removal.

Since the defendant Barrys have not shown that their notice of removal was timely filed or that any of the co-defendants timely filed their consents to removal, the court finds that the removal is procedurally defective and the case must be remanded to the District Court of Saline County, Kansas.

 In cursory fashion, the plaintiff requests its costs and fees pursuant to 28 U.S.C. § 1447(c). The court in ordering remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an award is committed to the wide discretion of the district court and does not depend on any finding that the removal was in bad faith. *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324–25 (10th Cir.) *cert. denied,* 511 U.S. 1082, 114 S.Ct. 1832, 128 L.Ed.2d 461 (1994). The propriety of removal is the central issue in deciding whether to allow expenses and costs. *Id.*

 Even though the plaintiff did not give much attention to this matter in its brief, the court has seriously considered an award of expenses and costs. Based on its own research, the court believes the circumstances here may resemble those in cases where such an award has been entered. Even so, the court finds in its discretion that the defendants proceeded in good faith and had a fair basis for seeking removal. The court denies the plaintiff's summary request for expenses and fees.

IT IS THEREFORE ORDERED that the plaintiff's motion to remand (Dk.13) is granted, and the case is remanded to the District Court of Saline County, Kansas. The Clerk is directed to mail a certified copy of this order to the Clerk of the Saline County District Court.

IT IS FURTHER ORDERED that the plaintiff's request for expenses and costs is denied;

IT IS FURTHER ORDERED that the plaintiff's motion for leave to file a "Surrebuttal in Support of Plaintiff's Motion for Remand or, in the alternative, to Strike Surreply of the Berry (sic) Defendants in Opposition to Plaintiff's Motion to Remand" (Dk.23) is granted to the extent that the court will disregard the Barrys' surreply and is denied to the extent that leave is not given to file a surrebuttal;

IT IS FURTHER ORDERED that the defendants Bacine's and Rodos's motion for leave to a file a response to the plaintiff McShares's surrebuttal (Dk.27) is denied.

---

4. Using the service dates provided by the plaintiff, the court calculates the following periods. The defendant Weinstein filed his consent thirty-eight days after he was served on February 14, 1997. The defendants Anthony Bolognese and Barrack, Rodos & Bacine filed their consent fifty-five days after they were served on February 14, 1997. The defendants Kohn and Kohn, Swift & Graft, P.C. filed their consent fifty-nine days after service on the first-served defendant and fifty-five days after they were served on February 18, 1997. The defendant Leonard Barack, P.C. filed its consent fifty-five days after service on the first-served defendant and forty-nine days after it was served on February 20, 1997. The defendant Asher filed his consent fifty-nine days after service on the first-served defendant and fifty-two days after he was served on February 21, 1997.