ERIC F. MELGREN, UNITED STATES DISTRICT JUDGE
Plaintiff SWCC, LLC ("SWCC"), filed its Petition on February 9, 2018, in state court against Defendant Allied National, Inc. ("Allied"), alleging a breach of contract. The contract at issue required Allied to administer SWCC's self-insured health plan. On March 14, 2018, Allied filed its Notice of Removal, alleging that the cause of action presented a federal question, as the health plan at issue was governed by the Employee Retirement Income Security Act ("ERISA"). Magistrate Judge Teresa James ordered Allied to show cause as to why the case should not be remanded to the state court. The matter is now before the Court on Allied's Response to Order to Show Cause (Doc. 18). For the reasons stated below, the Court agrees with Allied that jurisdiction is proper and will not remand the case to the state court.
I. Factual and Procedural Background[1]
SWCC is a floor cleaning company that is wholly owned by a married couple, Jeremy *1251 and Hollie Becker. SWCC provides health care benefits to its employees through a self-funded plan governed by ERISA. Allied contracted with SWCC to serve as the third-party administrator of the plan. Allied has authority to approve or deny claims.
SWCC's plan has a deductible limit of $10,000; SWCC has a stop-loss insurance policy to cover claims that exceed $10,000. The plan excludes from its coverage expenses resulting from attempted suicide or intentionally self-inflicted injuries, unless the self-inflicted injury was the result of a medical condition. The stop-loss policy does not cover expenses that are not covered by SWCC's plan.
The Becker's had three minor children, R.B., J.B., and H.B. On April 4, 2017, J.B. died from an apparently self-inflicted gunshot wound to the head. The Beckers made a claim under the plan to pay for the expenses related to J.B.'s death, which greatly exceeded $10,000. Based on the police report and autopsy concluding that the injury was self-inflicted, Allied refused to pay the claim. As a fiduciary of the plan, Allied did not feel permitted to completely deplete the plan's resources by paying a claim that was not covered by the stop-loss policy.
SWCC, acting on behalf of the Beckers, initiated this action against Allied to force it to pay the claim. The petition alleged a breach of contract claim under Kansas state law. Allied filed a notice of removal, asserting that the cause of action is properly considered under the provisions of ERISA, not state law. The Magistrate Judge ordered Allied to show cause why the action should not be remanded back to state court. On April 18, 2018, Allied filed its Response to the order to show cause.
II. Legal Standard
A civil action filed in state court is removable only if the action could have originally been brought in federal court.[2] Federal removal jurisdiction is statutory in nature and is to be strictly construed.[3] "There is a presumption against removal jurisdiction," and the burden is on the removing party to show the propriety of the removal.[4] Under 28 U.S.C. § 1446(b), notice of removal must be filed within 30 days after the defendant's receipt of the initial petition. Any doubts about the validity of removal are resolved in favor of remand.[5]
If the well-pleaded complaint raises an issue of federal law, the Court may exercise subject-matter jurisdiction over the case.[6] A defense asserted under federal law does not trigger the well-pleaded complaint rule, and therefore does not independently establish federal jurisdiction or allow for removal.[7] However, a plaintiff may not avoid federal jurisdiction by "failing to plead federal questions that are essential elements of the plaintiff's claim;"
*1252 this is known as the "artful pleading" doctrine.[8]
III. Analysis
SWCC did not assert any ERISA claims against Allied in its state court petition, but instead alleged breach of contract. However, Allied has shown that the contract at issue was for the administration of an ERISA-governed health insurance plan. State law contract claims are preempted by the provisions of ERISA.[9] Therefore, if this cause of action falls under the purview of ERISA, then it was properly removed to federal court.
ERISA provides a cause of action for participants and beneficiaries to "recover benefits ... under the terms of [the] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan."[10] While this is the most commonly asserted cause of action under ERISA, it is not the only one. ERISA also allows participants, beneficiaries, or fiduciaries to bring a cause of action to "(A) enjoin any act or practice which violates ... the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce ... the terms of the plan."[11] Regardless of whether SWCC brought this action directly in its role as a fiduciary of the plan or on behalf of the Beckers as participants in the plan, SWCC's cause of action falls under 29 U.S.C. § 1132.
While SWCC did not assert an ERISA cause of action, the relief it requested was for payment of benefits under the health plan. As the Supreme Court held in Taylor , state law claims that relate to an employee benefit plan are preempted by ERISA.[12] Although the state law claim was for a breach of the administrative services agreement, not the health plan itself, the alleged breach was a refusal to authorize payment under the health plan. Determining whether Allied breached the administrative services agreement will involve a fight over the terms of the health plan. Despite SWCC's artful pleading to couch the cause of action in state contract law, ERISA governs. As ERISA is a federal law, the case could have been brought in federal court and was properly removed to this Court.
IT IS THEREFORE ORDERED that Allied has shown good cause why the case should not be remanded for lack of subject-matter jurisdiction.
IT IS SO ORDERED .

SWCC's Petition is sparse on facts, and SWCC did not file a reply to Allied's Response. Most of the following facts were provided in Allied's Response and the attached exhibits.

28 U.S.C. § 1441(a).

First Nat'l Bank & Trust v. Nicholas , 768 F.Supp. 788, 790 (D. Kan. 1991) (citing Cohen v. Hoard , 696 F.Supp. 564, 565 (D. Kan. 1988) ).

Laughlin v. Kmart Corp. , 50 F.3d 871, 873 (10th Cir. 1995) (abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens , --- U.S. ----, 135 S.Ct. 547, 190 L.Ed.2d 495 (2014) ).

Fajen v. Found. Reserve Ins. Co. , 683 F.2d 331, 333 (10th Cir. 1982) (citing Greenshields v. Warren Petroleum Corp. , 248 F.2d 61, 65 (10th Cir. 1957) ).

Metro. Life Ins. Co. v. Taylor , 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

Id.

Schmeling v. NORDAM , 97 F.3d 1336, 1339 (10th Cir. 1996) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust , 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ).

Taylor , 481 U.S. at 66, 107 S.Ct. 1542 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [29 U.S.C. § 1132(a) ] removable to federal court.").

29 U.S.C. § 1132(a)(1)(B).

29 U.S.C. § 1132(a)(3).

Id. at 62, 107 S.Ct. 1542 (quoting 29 U.S.C. § 1144(a) ).