**John J. SCHEALL; Scheall Family Trust; Continental Transportation Network, Inc., a Colorado corporation; and Contranz, Inc., an Indiana corporation, Plaintiffs,**

**v.**

**Dwight A. INGRAM; Edward I. Cudahy; Frederic W. Eagen; James Faber; Faber & Faber, P.C., a Colorado professional corporation; and Company A, an entity whose true name is unknown, d/b/a "Interstate," "Interstate Auto Transport, Inc." and/or "Interstate Transport, Inc.," Defendants.**

No. 96–K–1677.

United States District Court,
D. Colorado.

July 16, 1996.

Marc J. Musyl, Gregory J. Kilkenny, Caroline R. Kent, Kilkenny, Donelson & Musyl, Denver, CO, for Plaintiffs.

Stanley L. Garnett, Robert C. Troyer, Brownstein Hyatt Farber & Stricklane, P.C., Denver, CO, Carol Mullins, Faber & Faber, Denver, CO, for Defendants.

## ORDER ON REMAND

KANE, Senior District Judge.

On June 13, 1996, Plaintiffs filed a First Amended Complaint in District Court, Jefferson County, Colorado. The complaint seeks relief, *inter alia*, for violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, against all Defendants.

On July 12, 1996, Defendants Dwight A. Ingram, Edward I. Cudahy, Frederic W. Eagen and Company A (terming themselves collectively the "Interstate Defendants") filed a Notice of Removal in this court pursuant to 28 U.S.C. § 1441 and 1446. The notice makes no mention of the remaining Defendants James Faber and Faber & Faber, P.C.

The notice asserts removal is proper under 28 U.S.C. § 1441(a) because this court has original jurisdiction founded on a claim arising under the laws of the United States, i.e. the RICO claim, and that the entire case is removable by virtue of § 1441(c).

Section 1446(a) stipulates "[a] defendant or defendants desiring to remove and civil action ... shall file ... a notice of removal...." "[I]t is well established that removal generally requires unanimity among the defendants." *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir.1995). "[I]f a suit arises under the Constitution or laws of the United States, or if it is a suit between citizens of different states, the defendant, if there be but one, may remove, or the defendants, if there be more than one...." *Chicago, R.I. & Pacific Ry. Co. v. Martin*, 178 U.S. 245, 247, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900). "Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition." *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir.1985).[1]

As judicially interpreted, § 1446(b) requires all served defendants, except nominal defendants, to join or consent to the removal petition within thirty days of service, commencing when the first defendant is served. *Cohen v. Hoard*, 696 F.Supp. 564, 566 (D.Kan.1988). Here, it is not clear from the file of this court when defendants were served. An Entry of Special Appearance dated July 8, 1996, indicates that on that date Faber & Faber, P.C. entered a special appearance on behalf of Faber & Faber, P.C. and James W. Faber without conceding jurisdiction for service of process.

"Removal statutes are to be 'strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers.'" *Mathews v. County of Fremont, Wyo.*, 826 F.Supp. 1315, 1318 (D.Wyo.1993) (quoting *First Nat'l Bank & Trust Co. v. Nicholas*, 768 F.Supp. 788, 790 (D.Kan.1991)). The party seeking removal has the burden of showing the propriety of removal. *Id.*

Section 1446(c) requires, if it clearly appears on the face of the notice that removal should not be permitted, that I make an order for summary remand. A petition filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants. *Northern Illinois Gas Co. v. Airco Indus. Gases, a Division of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir.1982).

The Notice of Removal is defective in that it does not explain the absence of Defendants James Faber and Faber & Faber, P.C. I therefore remand the case to the District Court, Jefferson County, Colorado, Case No. 96CV1140.

IT IS ORDERED THAT this case is remanded to the District Court, Jefferson County, Colorado, Case No. 96CV1140.

---

1. The unanimity rule may be disregarded where a non-joining party is an unknown or nominal party; where a defendant has been fraudulently joined; or when a non-resident defendant has not been served at the time the removing defendants filed their petition. *Balazik*, 44 F.3d at 213 n. 4. Here, the notice of removal does not assert any of these exceptions apply.