**Benjamin Earl GLENDENING, a minor through his next friend, Elnor L. Carpenter, and Ronald D. Carpenter and Elnor L. Carpenter, individually, Plaintiffs,**

v.

**GENUINE PARTS COMPANY, INC., a foreign corporation, Napa Auto Parts, a subsidiary of Genuine Parts Company, Inc.; Belkamp, Inc., a subsidiary of Genuine Parts Company, Inc.; Loctite Corporation, a foreign corporation, jointly and severally, Defendants.**

Civil Action No. 96–WM–1967.

United States District Court, D. Colorado.

April 9, 1997.

James B. Powers, A. Peter Gregory, Harris Karstaedt, Jamison & Powers, P.C., Englewood, Co, for Plaintiffs.

Victoria C. Swanson, Sears, Anderson & Swanson, P.C., Colorado Springs, CO, for Defendants.

## ORDER OF REMAND

MILLER, District Judge.

Before me is plaintiffs' Motion to Remand, alleging that removal of this case was procedurally defective because not all served defendants joined in the removal or, alternatively, because the amount in controversy does not exceed the jurisdictional amount. I conclude that the removal failed to meet the joinder requirements of 28 U.S.C. § 1446, and, hence, do not reach the question of the jurisdictional amount.

This action originated in the District Court, Chaffee County, Colorado, on July 2, 1996. All defendants were served with the summons and complaint on July 22, 1996. On August 21, 1996, defendant Loctite Corporation (Loctite) filed a Notice of Removal, alleging that this court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. Although Loctite was aware that its co-defendants had been served in the action, it failed to acquire the co-defendants' consent or joinder in the removal.[1]

Loctite filed its answer with its Notice of Removal. The remaining defendants answered on September 11, 1996, without mentioning the removal.

Plaintiffs filed their Motion to Remand on September 19, 1996. Defendants filed a joint response on October 7, 1996, along with a "Joinder in Removal of Action from State Court," on behalf of the remaining defendants, Genuine Parts Company, Inc., Napa Auto Parts, and Belkamp, Inc. All defendants argue that the subsequent joinder remedied any previous procedural defect, noting that section 1446 does not specify when co-defendants must join in a petition for removal.

■ However, the removal statutes are strictly construed and this court has held that "[a]s judicially interpreted," the statute requires all served defendants to join or consent to the removal petition within thirty days of service, "commencing when the first defendant is served." *Scheall v. Ingram*, 930 F.Supp. 1448, 1449 (D.Colo.1996).[2] The exceptions to section 1446's requirement that all defendants join in removal do not apply in this case.[3]

■ Here, defendants were served on July 22, 1996. Loctite timely removed the case on the thirtieth day, August 21. The Notice of Removal was defective, however, because Loctite failed to acquire the required joinder or consent of its co-defendants until October 7, seventy-seven days after service.

Accordingly, it is ORDERED as follows:

1. In Loctite's Certificate of Compliance, filed simultaneously with its Notice of Removal, Loctite states its understanding "that the remaining defendants have been served but have not yet answered."

2. There is a split among the circuits regarding whether a co-defendant must join or consent in removal within thirty days from the date the first defendant is served or within thirty days from service on the co-defendant. Compare *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262–63 (5th Cir.1988) (served defendants must join in petition no later than thirty days from day first defendant was served), with *McKinney v. Board of Trustees*, 955 F.2d 924, 928 (4th Cir.1992) (individual defendants have thirty days from time they are served to join in removal). This court has followed the rule of the Fifth Circuit. See *Scheall*, 930 F.Supp. at 1449. In any case, this issue does not arise here because all defendants were served on the same day. See plaintiffs' Memorandum in Support of Motion to Remand.

3. The exceptions include unknown or nominal parties, defendants who have been fraudulently joined, or non-resident defendants who have not been served at the time of removal. *Scheall*, 930 F.Supp. at 1449, n. 1.

1. Plaintiffs' Motion to Remand, filed September 19, 1996, is granted, and this case is remanded back to the District Court for the County of Chaffee, Colorado, Case No. 96–CV–54.

2. All pending motions are moot.