Albert Paul SMOLA and Allstar Mega
Brokers, Inc., Plaintiffs,

v.

TRUMBULL INSURANCE COMPANY,
a Connecticut Corporation, First
State Management Group, Inc., a De-
laware Corporation, the Hartford Fi-
nancial Services Group, Inc., a Dela-
ware Corporation, Hartford Property
and Casualty, and Mark S. Tonderys,
an Individual, Defendants.

No. CIV.A.03–N–2517(OES).

United States District Court,
D. Colorado.

May 13, 2004.

Robert T. Lego, Atty at Law, Engle-
wood, CO, for Plaintiffs.

Geoffrey Race, Wells, Anderson & Race
LLC, Denver, CO, for Defendants.

## ORDER

NOTTINGHAM, District Judge.

This matter is before the court on
"Plaintiffs' Motion Pursuant to 28 U.S.C.
§ 1447(c) for Remand to State Court" filed
January 9, 2004. The motion is premised
on the undisputed fact the Defendant
Trumbull Insurance Company was served
with a copy of the Amended Complaint
and Summons on November 4, 2003. The
other defendants were served later. The
notice of removal was filed on December
10, 2003, within thirty days from the date
of service on all defendants except Trum-
bull, as to whom the notice was filed more
than thirty days after Trumbull was
served. All defendants, including Trum-
bull, joined in, or consented to the filing of,
the notice of removal.

The issue is whether the notice of re-
moval was timely filed. Plaintiff relies on
the line of cases standing for what has
been called the "first-served rule." This
rule interprets the pertinent statute to re-
quire that all served defendants, except
nominal defendants, join in, or consent to,
the removal petition within thirty days of
the date on which the first defendant is
served. Under the "first-served rule," the
notice of removal would be untimely. De-
fendants reply by invoking the "last-served
rule" followed by other courts. The last-
served rule is that the statutory thirty-day
period begins to run when the last defen-
dant is served. Under this rule, the notice
of removal would be timely. Defendants
also suggest that the first-served rule has
been undercut by the Supreme Court's
decision in *Murphy Bros. v. Michetti Pipe
Stringing Inc.*, 526 U.S. 344, 119 S.Ct.
1322, 143 L.Ed.2d 448 (1999).

This court does not believe that *Murphy*
portends evisceration of the "first-filed
rule." *Murphy* involved a single defen-
dant. During pre-litigation settlement ne-
gotiations, plaintiff filed the complaint and

sent a copy to defendant by facsimile. Plaintiff later accomplished formal personal service on defendant. The question in *Murphy* was whether the thirty-day time period began to run from the date defendant received the facsimile transmission or the date when defendant was formally served. The Court simply held that time began to run from the date of formal service, reasoning that it is formal service, not facsimile transmission, which signals the commencement of litigation. Since *Murphy* involved only one defendant, the Court simply had no occasion to consider the slew of questions raised when one or more multiple defendants attempts to remove a case. This court sees no language in *Murphy* which would portend the demise of the first-filed rule. Nor does this court understand the logic of cases suggesting that *Murphy* supports the last-filed rule. *See, e.g. Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.* 254 F.3d 753, 756–757 (8th Cir.2001).

The court has examined the cases supporting the first-filed rule, as well as those supporting the last-filed rule. The former are more compelling. Two reasons stand out. First, the first-filed rule is more consistent with the long line of cases strictly construing removal and similar jurisdictional statutes against removal. *See, e.g. Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Second, the first-filed rule settles at an early stage the question of whether the litigation will proceed in a federal or state forum. In contrast, the last-filed rule would allow a defendant who has evaded service or as to whom service has been difficult and delayed to remove within that defendant's thirty-day period, provided only that all other defendants (including those who may have been served months earlier) consent to removal.

In accordance with the foregoing findings and conclusions, it is ORDERED as follows:

1.  The motion to remand is GRANTED.

2.  This case is hereby REMANDED to the Arapahoe County (Colorado) District Court.