**CELLPORT SYSTEMS, INC.,
a Colorado corporation,
Plaintiff,**

v.

**PEIKER ACUSTIC GMBH & COMPANY KG, a German corporation, and Peiker Acustic, Inc., a Delaware corporation, Defendants.**

No. CIV.A. 04–K–1361.

United States District Court,
D. Colorado.

Aug. 19, 2004.

Stanley L. Garnett, Brownstein, Hyatt & Farber, P.C., Denver, CO, for plaintiff/counter–defendant.

Christopher H. Toll, Holland & Hart, LLP, Greenwood Village, CO, for defendants/counter–claimant.

## ORDER ON MOTION TO REMAND

KANE, Senior District Judge.

This matter is before me on Plaintiff Cellport System, Inc.'s Motion to Remand, filed July 16, 2004. Cellport contends remand is required because the notice of removal filed by Defendant Peiker acustic GmbH & Company KG ("Peiker Germany") was untimely. For the reasons stated below, I agree and therefore grant Cellport's motion.

### *Factual Background*

The facts relevant to Cellport's motion are undisputed. Cellport filed this action against Peiker Germany, a German corporation, in Colorado District Court, Boulder County, on December 1, 2003. After Peiker Germany refused to waive service of process, Cellport began the process of effectuating service in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention").

On February 11, 2004, while still attempting to serve Peiker Germany, Cellport amended its complaint to add Peiker Acustic, Inc. ("Peiker USA"), a wholly owned subsidiary of Peiker Germany, as a defendant. Peiker USA was served with process on February 18, and subsequently moved to dismiss the Amended Complaint. After the state court denied its motion, Peiker USA filed its Answer on May 6. At no time did Peiker USA attempt to remove this action.

On June 9, 2004, Cellport effectuated service on Peiker Germany pursuant to the Hague Convention. On July 1, Peiker Germany removed this case to this Court. Cellport timely filed its motion to remand on July 16.

### *Analysis*

The issue of when an action filed in state court may be removed to federal court is governed by 28 U.S.C. § 1446(b). It provides in relevant part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

Cellport contends Peiker Germany's removal was untimely under this provision based on the "first-served" rule, which holds that in cases involving multiple defendants, section 1446(b) requires that any notice of removal be filed within 30 days of service upon the first defendant, and that a failure by any defendant to file within this period precludes removal by all defendants, including any defendants added after expiration of this period. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481–82 (5th Cir.1986); *Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040, 1044 (D.Nev.2000). The alternative to this rule, advocated by Peiker Germany, is the "last-served" rule, which interprets section 1446(b) as allowing each defendant 30 days from the date of service on it to file a notice of removal. *See, e.g., Marano Enters. v. Z–Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir.2001). It is undisputed that under the last-served rule Pieker Germany's notice of remand was timely filed, while under the first-served rule it was not.

Neither the Supreme Court nor the Tenth Circuit has considered the time limit for removal under section 1446(b) in cases involving multiple defendants served on different days. While another judge of this Court recently considered the issue

and followed the first-served defendant rule, *see Smola v. Trumbull Ins. Co.*, 317 F.Supp.2d 1232 (D.Colo.2004) (Nottingham, J.), I am not bound by this decision and must therefore make my own judgment. In so doing, I consider my previous decision in *Scheall v. Ingram*, 930 F.Supp. 1448 (D.Colo.1996), in which I recited the first-served rule but did not rely on it in deciding the issue presented.

■ The starting point for analysis is that removal statutes are to be "strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers." *Scheall*, 930 F.Supp. at 1449 (internal quotation omitted); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (removal statutes strictly construed). There is a presumption against removal, *see Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir.2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995), and all doubts are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982).

■ The majority of courts considering these principles and section 1446(b) have held that the statute limits the period during which a case may be removed to 30 days after the first defendant is served. The rationale for the first-served rule flows from the undisputed requirement that all defendants must consent to removal. *See, e.g., Brown*, 792 F.2d at 481–82; *Scheall*, 930 F.Supp. at 1449. "When the first [served] defendant allows the thirty-day period to lapse, he has effectively waived his consent to removal. Therefore, any effort to remove by a subsequently served defendant after that period would be futile, because the first-served defendant would be unable to join that petition and the case therefore would be unremovable." *Auchinleck v. Town of LaGrange*, 167 F.Supp.2d 1066, 1068 (E.D.Wis.2001) (citations and quotations omitted); *see Brown*, 792 F.2d at 481–82.

Pieker Germany argues the first-served rule should not be followed in this or other cases because it is contrary to the plain language of section 1446(b). I disagree. Section 1446(b) and its reference to removal within thirty days of "the defendant" receiving service is at best ambiguous with respect to cases involving multiple defendants. The reference in companion section 1446(a) to "[a] defendant or defendants" desiring to remove an action does not clarify this ambiguity or support adoption of the last-served rule because it suggests defendants acting in concert, not *seriatim*. The amount of ink spilled by Pieker Germany and others advocating the last-served rule based on the supposedly plain language of section 1446(b) also demonstrates that this rule is not compelled by the plain language of the statute.

■ When a statute is reasonably capable of more than one interpretation, the interpretation that supports the policies underlying the statute should be applied rather than one that disserves these policies. The first-served rule serves the policies underlying section 1446(b) by settling the question of where the action is to be litigated as early as possible in the litigation. The result otherwise could be chaos as, under the last-served rule, a second defendant served long after litigation commenced in state court could remove the action to federal court. The last-served rule also permits forum shopping by other defendants who, based on the progress of the action in state court, may hope for a more favorable outcome if they agree to the last-served defendant's removal request. The first-served rule, with its definite and early limit on the time for removal, avoids these possibilities.

The first-served rule also serves the strong public policy against removal and

separation of powers considerations that support protection of state sovereignty and maintenance of a state's own judicial integrity. Removal, especially after an action is well underway in state court, interferes with ordinary state judicial processes.

Pieker Germany asserts the Supreme Court's decision in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), undermines the first-served rule and requires adoption of the competing last-served rule. In *Murphy*, the Supreme Court considered whether the thirty-day period for removal stated in section 1446(b) begins to run from the date the defendant receives a copy of the complaint or from the date of personal service. The Court held the thirty-day period begins to run from the date of personal service. *Id.* at 347–48, 354, 119 S.Ct. 1322. The case involved a single defendant and the Court did not consider the issues presented by the separate question of the statutory period for removal in cases involving multiple defendants. I find nothing in the *Murphy* decision, therefore, that undermines the first-served rule or its rationale. To the extent other courts have found otherwise, *see, e.g., Marano*, 254 F.3d at 756–57, I respectfully disagree with their conclusion.

Finally, I note that some of the courts adopting the last-served rule, whether based on *Murphy* or otherwise, appear to do so in part based on a concern that the first-served rule is inherently unfair to later served defendants because it deprives them of the opportunity to remove the action. On this point, I agree with the Fifth Circuit:

A defendant who is added to a case in which a co-defendant has failed to seek removal is in no worse position than it would have been if the co-defendant had opposed removal or were domiciled in the same state as the plaintiff. To permit the defendants in this case to obtain removal after they have tested state-court waters ... would give them a second opportunity to forum-shop and further delay the progress of the suit. The unfairness of this to the plaintiff outweighs the unfairness, if any, to the last-joined defendant. The forum for a suit ought to be settled at some early time in the litigation.

*Brown*, 792 F.2d at 482.

In addition to moving to remand this action to state court, Cellport requests that I order Pieker Germany to pay Cellport the costs and attorney fees it incurred as a result of the action's improper removal. This request is made pursuant to 28 U.S.C. § 1447(c), which provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."

Whether to award costs and fees under this provision is a matter for my discretion. *See, e.g., Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir.1997). The propriety of removal in this case required a choice between two authoritative premises. As such, in words of the great legal educator Karl Llewellyn, it was a dispute "doubtful enough to make litigation respectable." Karl Llewellyn, *Some Realism About Realism—Responding to Dean Pound*, 44 Harv. L.Rev. 1222, 1239 (1931). Given this, I do not believe Pieker Germany should be penalized for its attempted removal. I therefore deny Cellport's request for an award of costs and fees.

For the reasons stated above, I adopt the first-served rule, GRANT Cellport's Motion to Remand, DENY its request for payment of costs and attorney fees, and

order this case REMANDED to the Boulder County (Colorado) District Court.

IT IS SO ORDERED.