### Virginia BRADY, Plaintiff,

v.

### LOVELACE HEALTH PLAN and Gerald Champion Regional Medical Center, Defendants.

### No. CIV 06–1159 MV/LCS.

United States District Court,
D. New Mexico.

Aug. 20, 2007.

Miguel Garcia, John R. Hakanson PC, Alamogordo, NM, for Plaintiff.

Julie P. Neerken, R. Nelson Franse, Rodey, Dickason, Sloan, Akin & Robb, John D. Wheeler, Albuquerque, NM, for Defendants.

### MEMORANDUM OPINION AND ORDER OF REMAND

SMITH, United States Magistrate Judge.

**THIS MATTER** comes for consideration of Plaintiff's *Motion for Remand* (Doc. 9.), filed December 13, 2006. The Court has reviewed the motion, the memoranda submitted by the parties, the pleadings, and the relevant authorities. The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), finds that Plaintiff's motion is well taken and is

GRANTED. Plaintiff's request for attorney fee and costs, however, is **DENIED.**

### I. Factual Background

On October 19, 2006, Plaintiff Virginia Brady filed the present lawsuit in the Twelfth Judicial District Court of the State of New Mexico against Defendants Lovelace Health Plan ("LHP") and Gerald Champion Regional Medical Center ("GCRMC"). (Doc. 1.) LHP was served by Plaintiff through the Division of Insurance of the Public Regulation Commission on November 1, 2006. *Id.*

On November 29, 2006, LHP removed the case to this Court based upon federal question jurisdiction created by the Employee Income Security Act's ("ERISA") preemption of Plaintiff's claims. *Id.* GCRMC did not join in the Notice of Removal, and the record does not contain any evidence of its express consent. *Id.*

On December 12, 2006, Plaintiff filed her motion to remand, asserting that LHP's removal was defective because GCRMC did not consent. (Doc. 9.) In addition, Plaintiff seeks attorney fees and costs because the defect was plain and could have been revealed with minimum research. *Id.*

### II. Analysis

#### A. Motion for Remand

■ The removal statute, 28 U.S.C. § 1446, permits a defendant to remove a case within thirty days after receipt of a copy of the initial pleading. *See* 28 U.S.C. § 1446. When there are multiple defendants, generally all must consent to join in the notice of removal in order for it to be effective. 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3731, p. 258 (3d ed.1998). The failure of one defendant to join in the notice renders the

removal notice procedurally defective, which requires that the district court remand the case. *Cornwall v. Robinson,* 654 F.2d 685, 686 (10th Cir.1981).

 This unanimity requirement is excused under two circumstances. First, a nominal or formal party is not required to join in the petition for removal. *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants' Local,* 427 F.2d 325, 327 (5th Cir.1970). Second, a defendant who has not yet been served with process is not required to join. *Pullman Co. v. Jenkins,* 305 U.S. 534, 540–41, 59 S.Ct. 347, 83 L.Ed. 334 (1939). When fewer than all of the defendants have joined in a removal action, the removing party has the burden under 28 U.S.C. § 1446 to explain affirmatively the absence of any co-defendants in the notice of removal. *Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270, 273 (7th Cir.1982); *see also* 14C JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICES § 3739 (Matthew Bender 3d ed.1997).

 The notice of removal in this case is silent as to whether GCRMC consented to removal, nor does it give any explanation as to the absence and non-joinder of GCRMC. The notice is therefore defective on its face, and the case must be remanded. *Cornwall,* 654 F.2d at 686.

 In defense of the omission, LHP first argues that securing GCRMC's consent was impracticable because LHP lacked actual knowledge that GCRMC was an active participant in the case when it filed the notice of removal. (Doc. 14.) However, the moving defendant is not excused from the consent requirement merely because it does not know whether a co-defendant has been served; it must exercise reasonable diligence to determine whether consent of a codefendant is needed. *Scheall v. Ingram,* 930 F.Supp. 1448, 1449 (D.Colo.1996). Here, Plaintiff's initial complaint should have put LHP on notice that GCRMC was a co-defendant in the case, and, once aware of the existence of a co-defendant, LHP was required to take steps to determine whether GCRMC had also been served before filing its notice of removal. *Id.* It did not, and therefore failed to exercise reasonable diligence. *Id.* Consequently, the consent requirement is not excused. *Id.*

 LHP also argues that remand is inappropriate because ERISA claims procedures are a matter of exclusive federal jurisdiction. (Doc. 14.) However, 28 U.S.C. § 1446 does not waive the unanimity requirement in cases of purported exclusive jurisdiction, and the vast majority of cases also do not recognize such an exception.[1] Moreover, the statute is to be strictly construed against removal to prevent encroachment on the jurisdiction of state courts, to preserve comity, and to protect the plaintiff's right to fair treatment. *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094–95 (10th Cir.2005); *see Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). All doubts must be resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir.1982).

 LHP's final argument, that untimely compliance with 28 U.S.C. § 1446's procedural requirements is excused if it occurs before entry of judgment, is also unpersuasive. (Doc. 14.) In taking this position, LHP relies on *Parrino v. FHP, Inc.,* 146 F.3d 699 (9th Cir.1998). In that case, the plaintiff failed to challenge the notice of removal until after the district

---

1. *See, e.g., Bradwell v. Silk Greenhouse,* 828 F.Supp. 940 (M.D.Fla.1993); *Samuel v. Langham,* 780 F.Supp. 424, 427 (N.D.Tex.1992); *McCain v. Cahoj,* 794 F.Supp. 1061 (D.Kan. 1992).

court had entered a judgment on the merits. *Id.* There, however, the issue was whether a judgment would be valid if it was granted by the federal court, and untimely compliance was excused only to avoid forcing the litigants, and the courts, to relitigate the case in its entirety. *Id.* (" 'To wipe out the adjudication post-judgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose ... a cost incompatible with the fair and unprotracted administration of justice.' " (quoting *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 77, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996))). Here, the issue is whether the case should be remanded well prior to the entry of judgment, and LHP's subsequent attempt to cure is irrelevant because it occurred outside the thirty-day statutory period. *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1262–63 (5th Cir. 1988).

### B. *Motion for Attorney Fees and Costs*

■ Title 28, Section 1447(c) of the United States Code provides that a federal district court's order remanding a removed case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. *See* 28 U.S.C. § 1447(c). Recently, the Supreme Court clarified that although district courts maintain discretion in ordering fees and costs, the decision should turn on the reasonableness of the removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447 only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

■ Here, the Court does not find that LHP lacked an objectively reasonable basis for seeking removal. ERISA preemption of Plaintiff's claims created federal question jurisdiction, and, but for LHP's failure to comply with a procedural requirement of 28 U.S.C. § 1446, removal would have been proper. Accordingly, this Court must deny Plaintiffs request. *Martin,* 546 U.S. at 141, 126 S.Ct. 704.

**IT IS, THEREFORE, ORDERED** that Plaintiff's *Motion to Remand* is **GRANTED** and this action is **REMANDED** to the Twelfth Judicial District Court, County of Otero, State of New Mexico.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Attorney Fees and Costs* is **DENIED.**